Crook et al. v. The People.

GEORGE A. CROOK et al., Appellants, v. THE PEOPLE, Appellees.

APPEAL FROM PEORIA.

Informations for contempts, are not within the meaning of the fifth section of the chapter in relation to change of venue, in the Revised Statutes.

A proceeding for contempt for disobeying an injunction, is on behalf of the people, and if commenced before, may be prosecuted after the injunction is dissolved.

In such a proceeding, proofs may be taken to contradict the answers of the party to the interrogatories propounded to him. In a proceeding at law, it is otherwise, if, in his answers, the party purges himself of the imputed contempt.

THIS was a proceeding against the appellants, for a contempt for a breach of an injunction.

Crook et al. *v.* The People.

The record in this case shows, that on the twenty-third day of June, A. D. 1853, one Daniel O'Keefe filed in the Circuit Court of Peoria county, a bill in chancery, for an injunction against the said George A. Crook, Hart P. Ancker, and one William Senior. That an injunction was allowed and a writ issued by the clerk of the said Circuit Court, on the day of the filing of the bill, and that the writ of injunction was duly served on the appellants, by the sheriff of Peoria county, on the 24th day of June, A. D. 1853.

That on the 6th day of July, 1853, an affidavit of Daniel O'Keefe, complainant in said bill, for an injunction, was filed in the Circuit Court of Peoria county, charging the said George A. Crook and Hart P. Ancker, with a breach of said injunction. That upon the filing of such affidavit, a writ of attachment was issued by the clerk of the said Peoria Circuit Court, against the said appellants, requiring them to appear forthwith before the judge of said Circuit Court, at a rule day of said court, to answer for a breach of said injunction. And that said writ was duly served by the sheriff of Peoria county, on appellants.

That on the 7th day of July, 1853, the judge of said Circuit Court, after hearing the evidence, ordered that the said appellants enter into a recognizance for their appearance at the next term of the Circuit Court of Peoria county, after the making of said order.

That at the September term of said Peoria Circuit Court, 1853, the said appellants filed their affidavit for a change of venue of said proceedings, and that the venue was changed to the county of Tazewell.

That at the October term of the Tazewell county Circuit Court, 1853, the said Circuit Court ordered that the said proceedings for contempt, be remanded to the county of Peoria.

It also appears from the record, that the venue of the said injunction bill was also changed to the Tazewell county Circuit Court. And that at the October term of the said Tazewell Circuit Court, 1853, the injunction was dissolved and the bill dismissed. That the proceedings against the said appellants, for contempt for a breach of said injunction, were commenced before the change of venue, either of the case for contempt or the injunction suit; and all the proceedings in the contempt suit, afterwards had, were only a continuation of the same proceedings. The appellants assigned the following errors:

The Circuit Court of Tazewell county, erred in remanding the cause to Peoria county.

The Circuit Court of Peoria county had no jurisdiction of the cause, after the change of venue to Tazewell.

Said court erred in admitting oral evidence after defendants' appellants had answered the interrogations.

The court erred in issuing an attachment after dissolution of injunction and dismissal of the bill in the chancery suit.

The proceedings in this case were had before Peters, Judge, at May term, 1855, of the Peoria Circuit Court.

N. H. Purple, for Appellants.

E. N. Powell, for The People.

Scates, C. J.   Informations against persons for contempts, in disturbing the order of court in its presence or out of it, for breach of injunctions, and disobeying its orders and decrees, and such like, are not within the meaning, nor of the character of informations, in the 5th section of the act in relation to change of venue, Rev. Statutes, 528.   Informations, within the meaning of said act, are such as are punishable under the provisions of the criminal code, upon presentment of the grand jury, informations filed ex-officio by the State's attorneys, and on appeals from justices of the peace, etc. The order of the Peoria circuit court, changing the venue in this case, was simply void, and did not have the effect to divest the court of its jurisdiction, and no order of the Tazewell circuit court was necessary to re-instate it.   Consequently, there was no case for the application of the rule, as laid down in *The People* v. *Scates*, 3 Scam. R. 355, and the Tazewell circuit court could not acquire jurisdiction under a nugatory order of another court.

In the examination of the merits of the remaining questions raised in the assignment of errors and arguments, we would be understood as distinctly waiving any determination, whether a defendant in a criminal information for a contempt, can appeal or maintain a writ of error.   See in the case of *Yates*, 4 John. Rep. 353, a very full examination and discussion of the doctrine of contempts, and the mode and power of revision.

The first objection we notice is, that no attachment for a contempt, by breach of an injunction, can issue, after the dissolution of the injunction.   The case cited, *Moat* v. *Holbein*, 2 Edw. Ch. R. 188, does not lay down the rule in reference to issuing an alias attachment after dissolution.   The party there had never been charged and proceeded against for the alleged contempt, during the continuance of the injunction.   Here they had been under recognizance to answer.

When the charge is made, it becomes a distinct proceeding on behalf of the people, and will not depend upon the continuance of the injunction.   Although an application for an attach-

ment originally, might be refused, after dissolution of the injunction, yet a pending accusation would not be dismissed. There might be cases where the breach would make the further continuance of the injunction useless and of no avail to the party. Proceedings, as for a contempt, as a means of securing and enforcing the civil remedy, are recognized as a right of the party in interest. *Hawley et al.* v. *Bennett,* 4 Paige Ch. R. 163, and distinguishable from a merely criminal contempt. In New York it is intended and enforced, to make part satisfaction for the damage done the party by the breach. *Rogers* v. *Patterson,* 4 Paige Ch. R. 455 ; *Hawley et al.* v. *Bennett,* 4 Paige Ch. R. 165 ; *Albany City Bank* v. *Schermerhorn,* 9 Paige Ch. R. 374 ; *People* v. *Spalding,* 2 Paige R. 326. Although our practice may not allow any compensation to the complainant, out of the fine assessed, yet its imposition upon the defendant, is his only remedy, with imprisonment, for the protection of his rights under the injunction. Presented for the purposes of affording civil redress, there is no solidity in the objection to the taking proofs on the part of the prosecution, to contradict defendant's answers to the interrogatories filed. Such is the general, though it may not be the universal, practice, whether on a motion to show cause why the attachment should not issue, or upon hearing of the contempt. *Rutherford* v. *Metcalf,* 5 Hayw. R. (Tenn.) 60, 61, etc. ; *Underwood's case,* 2 Humph. R. 46 ; *Hawley* v. *Bennett,* 4 Paige R. 164 ; *McCredie* v. *Senior,* 4 Paige, 380 ; *Rogers* v. *Patterson,* 4 Paige R. 454, 455 ; *Albany City Bank* v. *Schermerhorn,* 9 Paige, 374, 375 ; *The People* v. *Spalding,* 2 Paige, 326 ; *Contra, Murdock's case,* 2 Bland. R. 461. In *Underwood's case,* 2 Humph. R. 48, the court lays down the proper distinction between the course of practice in courts of law and equity, and mere contempts, and acts that are treated as contempts for the enforcement of orders and decrees, as part of the remedy sought. " In cases of common law, the defendant will be discharged, if, by his answer to interrogations filed, he make such a statement as will free him from the imputed contempt, and that opposing testimony will not be heard," and " in cases in chancery, the truth of the defendant's statement in reply to interrogatories filed, may be controverted on the other side, and the whole matter be inquired into and ascertained by the court." And this is fully sustained in the case of *Yates,* 4 John. R. 372, where the judgment is held conclusive of the contempt upon a habeas corpus, and a strong doubt expressed of a power to revise upon appeal or writ of error. Ibid. p. 353. Lord Mansfield recognized the same distinction in the *King* v. *Vaughn,* 2 Douglass R. 516, where he states the practice in chancery to be, to take testimony

on both sides. 4 Black. Com. 288. Blackstone notes, also, the distinction that exists as to the nature and object of proceeding as for a contempt. Where the contempt is by a party to the suit, and committed by disobedience to any rule or order, such as payment of costs or money, the proceeding for contempt is in the nature of a civil execution on the decree, to enforce payment by personal process. Proceedings for contempt for breach of injunction, are of a kindred nature, to preserve the subject matter of the dispute, in the same condition it is, or such condition as will enable the court to administer full relief and justice eventually. 4 Black. Com. 285. See Dane Abrid. Cap. 220, art. 4; 1 Harrison Chancery, 202.

The party then may controvert the answers in a case like this. If the affidavits taken on the hearing, are before us in the record, which I altogether doubt, yet no objection was taken to looking into them, we find abundant reason for dismissing the injunction, and it may be the bill itself, in the breach shown. The mischiefs intended to be prevented by the injunction, had been irreparably committed by the breach, and its continuance would appear to be without object. The house was undermined and the walls thrown down. When the attachment had been granted for the breach, and a prosecution instituted to punish its authors, the bill might well be dismissed, and the complainant proceed at law to recover his damages, while he proceeded with the attachment for redress by fine for contempt. We do not think this proceeding was discontinued by dismissing the bill.

Judgment below approved.

*Judgment affirmed.*