WILLIAM GIBSON, Appellant, v. I. W. POWELL
et al., Respondents.

**Kansas City Court of Appeals, December 1, 1902.**

**Injunction:** GROUNDS EXTINCT: DISSOLUTION: CADAVER. An
injunction which can no longer subserve any useful purpose because
the grounds on which it was granted no longer exists, will be dis-
solved; and this is applied to a case where the temporary injunc-
tion restrained the defendant from prosecuting certain suits to se-
cure possession of a cadaver, which in the meantime had been buried
and become unfit for the purpose for which it was desired.

Appeal from Daviess Circuit Court.—*Hon. Elbridge
J. Broaddus,* Judge.

AFFIRMED.

*O. M. Shanklin, O. G. Williams* and *Hall & Hall*
for appellant.

(1) The defendant was not entitled to the pos-
session of the dead human body under the statutes re-
lating to the disposition of human bodies. R. S. 1889,
sec. 6883, 6884, 6885, 6886. (2) The plaintiff as an
undertaker, under the directions of the friends of the
deceased, had a right to the possession of the body for
the purpose of burial. R. S. 1889, sec. 6884. (3) In-
junction will lie to prevent defendant from interfering
with plaintiff in the possession and burial of said
body. 8 Am. and Eng. Ency. (2 Ed.), 836, 838.
Pierce v. Cemetery, 14 Amer. Rep. 667, 680; Beatty
v. Krutz, 2 Peters U. S. 566, 584; Larson v. Chase, 28
Amer. St. Rep. 370; 47 Minn. 307; Renihan v.
Wright, 21 Amer. St. Rep. 249 (125 Ind. 536); In the
matter of Widening Beekman Street, 4 Bradford N.
Y. 503; Peters v. Peters, 43 N. J. Eq. 140; Weld v.

Walker, 39 Amer. Rep. 465, and note; 130 Mass. 422; Choppin v. Dauphin, 55 Amer. St. Rep. 313, 48 La. Amer. 1217; Land and Imp. Co. v. Jenkins, 56 Amer. St. Rep. 26, 111 Ala. 135; Davidson v. Reed, 111 Ill. 167; 53 Amer. Rep. 613; Cooley on Torts, 239, 240; Snyder v. Snyder, 60 How. Pr. 368; Wynkoop v. Wynkoop, 82 Amer. Dec. 506, and note; 42 Penn. St. 293. (4) Injunction will lie to prevent vexatious litigation and a multiplicity of suits. Carroll v. Campbell, 108 Mo. 550; Coal Company v. St. Louis, 130 Mo. 323; Calvert v. Bates, 44 Mo. App. 626; Damschroeder v. Thias, 51 Mo. 100; Bresnehan v. Price, 57 Mo. 422; Hyatt v. Wolfe, 22 Mo. App. 191, 199; Lindley v. Russell, 16 Mo. App. 217; R. S. 1889, sec. 5510; Guthrie v. Weaver, 1 Mo. App. 136.

*O. P. Hubbell, Harber & Knight* and *Rieger & Rieger* for respondent.

(1) The rule of decision regarding the appellate review of equity cases is, that if the decree of the chancellor can be supported upon any theory of law applicable to any state of facts which the evidence tends to prove, it will be affirmed. Barlow v. Elliott, 56 Mo. App. 378; McQuarry v. Geyer, 57 Mo. App. 213; Pearson v. Gillett, 55 Mo. App. 312. "In the absence of anything to the contrary, it will be presumed that the court, or chancellor, placed his finding and judgment on the correct ground." Sebree v. Patterson, 92 Mo. 459. (2) "The rule that an action can not be maintained by one having no interest in the subject, also applies in these actions." 2 Spelling Ex. Relf., sec. 971; League v. Waddill, 143 Mo. 500; 10 Encyc. of Pldg. and Prac., 1093; 10 Am. and Eng. Encyc. of Law (1 Ed.), 785; 1 Spelling Ex. Relf., sec. 57. (3) Appellant proved no legal interest in the cadaver. He did not prove that Dr. Powell, respondent, was not entitled to the immediate and exclusive possession of the cadaver. An action of replevin may be maintained to recover a cadaver under the facts of this case.

R. S. 1889, sec. 6883-6888; 8 Am. and Eng. Encyc. of Law (2 Ed.), 834; 2 McQuillin Pldg. and Prac., sec. 1942.

SMITH, P. J.—This is a gruesome case. The plaintiff is an undertaker and embalmer. The defendant Powell—the other defendants being merely nominal parties—is a teacher and demonstrator of anatomy in a school of medicine and surgery. This is one of four suits between plaintiff and defendant Powell, the underlying question in each being whether plaintiff or defendant in their several qualities, is entitled to the possession of the cadaver of a pauper who during life was an athlete and rejoiced in the alias of "The Texas Spider." Two of these actions were replevin and the other was for a mandatory injunction requiring the plaintiff to deliver the said cadaver to the plaintiff therein, the defendant here. The defendant herein was plaintiff in all three. It does not distinctly appear from the record what disposition was made of any of them further than that one of the replevin suits was continued generally and the injunction was denied and the "cause continued and to pass from the docket." This order was made more than four years ago. The defendant in his printed statement of the case informs us that the replevin suits have been dismissed, and that as the cadaver has become worthless for the purpose of dissection, the prosecution of the injunction suit was abandoned. It is true, the plaintiff in his reply brief denies the foregoing statement of the defendant.

This is a suit in equity which was brought by the plaintiff later on for an injunction to restrain the defendant from prosecuting said suits and from further attempts to secure the possession of said cadaver. There was a temporary injunction awarded. After the pleadings were in and the issues made up, there was a hearing of the testimony by the court, resulting in a decree dissolving the temporary injunction and dismissing the petition.

It appears from the testimony that the plaintiff

claimed the right to the possession of the cadaver that he, with others, might give it a Christian burial without expense to the county. It further appears from the plaintiff's own testimony that he had embalmed the cadaver so that he could keep it for some time hoping that friends or relatives would in the meantime claim it, and in that way he would be enabled to furnish "a nice outfit for it," etc.

The defendant claims that he is a teacher and demonstrator of anatomy in the "Columbian School of Osteopathy, Medicine and Surgery"—an incorporated institution under the laws of this State. That the "State Anatomical Board" is composed of the professors and demonstrators of anatomy of the medical schools of this State and is duly incorporated under the statute; and that said board is authorized to distribute and deliver and to issue orders to county undertakers and others for the delivery and distribution of bodies of persons who have died without means to pay necessary funeral expenses where no friend or relative claims such body for interment. It appears that the State Anatomical Board on September 16, 1898, made an order on the plaintiff as county undertaker to deliver to defendant any anatomical material that he then had on hand, but under that order the plaintiff refused to deliver the cadaver of the "Texas Spider," then in his possession.

While the cadaver was still in such condition as to be of any value for dissecting purposes, the defendant by said suits and in other ways endeavored to obtain possession of it. After this suit was brought the plaintiff was permitted, without objection, to inter the cadaver.

If the object the plaintiff had in withholding the cadaver from the possession of the defendant was the commendable one of giving it a Christian burial rather than for the sordid and selfish purpose of pecuniary gain, then that purpose has been fully served. There can be no pretense that that has not been accomplished without let or hindrance. Certainly, plaintiff has no

further claim to it for that or any other purpose. And on the other hand, the cadaver has been "mouldering in the ground" for the last four years. We may know that in its present condition it is worthless as an anatomical specimen and undesirable by the defendant or his school. It could not be used for scientific purposes in its present decomposed condition. Indeed, the defendant concedes this, and makes no claim whatever to it.

The result is, that neither party cares to contend any longer for the possession. The defendant is not and has not for years prosecuted his suits of replevin to recover it. The subject of the litigation has perished —is no longer in existence in so far as either party has or can have a special property or a right of possession. It is plain the defendant would not, if he could, prosecute his replevin suits for the recovery of a thing that is no longer in the possession of the plaintiff and in the parting with the possession of which he consented or at least acquiesced. The defendant is not prosecuting any suit against the plaintiff, and in view of the facts and circumstances to which we have adverted, it is quite unreasonable to presume that he will do so in the future. Since the plaintiff with the consent or acquiescence of the defendant has parted with the possession of the cadaver, it follows that to issue an injunction restraining the defendant from attempting to secure from plaintiff the possession of it or interfere or disturb him with respect to it, would be of no benefit to plaintiff, besides being vain and useless; and the same would be true as to the prosecution of the suits which must be considered as abandoned, if not already dismissed.

The rule is, that where an injunction can no longer subserve any useful purpose because the grounds on which it was granted no longer exist, or because of matters which have occurred since it was granted, it will be dissolved. 16 Am. and Eng. Ency., 431 (14) ; Steiner v. Scholze, 105 Al. 607; High on Inj. sec. 495; Crook v. People, 16 Ill. 534; Bechtat v. Carslake, 11 N. J. Ch.

244; Owen v. Ford, 49 Mo. 436. The circuit court no doubt had this rule in mind when it refused to continue the temporary injunction and dismissed the petition, and with this action of the court we find no fault, and accordingly affirm the decree.

No allusion is made in the foregoing opinion on the question of the jurisdiction of the Daviess Circuit Court for the reason that we adhere to the conclusion reached in the *per curiam* opinion formerly rendered by us— October term, 1899—to the effect that that court acquired jurisdiction of the cause. *Ellison, J.,* concurs; *Broaddus, J.,* not sitting.