# Brock Railroad Company, Appellant, v. Brookville & Mahoning Railroad Company.

*Railroads—Grade crossings—Equity.*

A court of equity will not continue a preliminary injunction in a suit brought by one railroad company against another railroad company to enjoin a grade crossing, where the court finds as a fact that the plaintiff company's road was used only for carrying cars from a certain mine, and that this coal would be exhausted and the railroad discontinued before or about the time the defendant's road will be built, and also that the plaintiff had leased its road to another railroad company which had agreed with the defendant company that a grade crossing should be constructed.

Argued Oct. 19, 1907.   Appeal, No. 191, Oct. T., 1907, by plaintiff, from decree of C. P. Jefferson Co., Aug. T., 1907, No. 4, dissolving preliminary injunction in case of Brock Railroad Company v. Brookville & Mahoning Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an injunction.   Before REED, P. J.

In addition to the facts stated in the opinion of the Supreme Court it appeared that the plaintiff's road was used exclusively for transporting coal from the Brock mines, and was only occasionally operated for that purpose, not more than one trip being made daily.

The court entered a decree dissolving the preliminary injunction.

*Error assigned* was the decree of the court.

*Fred H. Ely*, with him *Wm. T. Darr*, for appellant.

*Edwin W. Smith*, with him *Edwin E. Tait, Charles Corbet, Edward A. Carmalt, N. L. Strong* and *C. C. Benscoter*, for appellee.

PER CURIAM, November 4, 1907:

The learned judge below found as facts, inter alia, "That the coal now being mined and transported over the plaintiff's road will be exhausted within the next two years, when said railroad will be abandoned.   There is some evidence about a lower stratum or vein of coal, but it never has been worked in that locality, and the evidence is not persuasive that it ever will be.   If, as it now appears, the maintenance of the plaintiff's railroad is dependent upon the shipment of coal from the Brock mines, it will be abandoned by the time, or very shortly after, the defendant's road is completed and ready for operation."   And, further, that the plaintiff has "leased to the Erie Railroad Company its railroad, with all its appurtenances and equipment, for a term of four years, which, according to the testimony now before the court, covers the time said railroad will continue to exist, and the said Erie

Railroad Company, so far as it has the power and so far as its rights are involved, has granted the defendant company, upon certain conditions and restrictions, the right to cross said leased road at grade."

It thus appears that the complainant, having no present interest which is injured, is not now in position to sustain this action. Grade crossings are, however, opposed to the policy of the law, and the bill should therefore be retained for further proceedings should the situation be changed. In the meantime the order dissolving the injunction is affirmed.