[No. 5713.]

CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. GUTHRIE ET AL.

Injunction—Abandonment—Dissolution—A railroad corporation claiming the right, under a grant from a former proprietor of the land, to maintain a snow fence from November 1 to March 15, in each year, obtained a temporary injunction restraining defendant from removing the fence. In March following, it removed the fence of its own motion, and never replaced it. On final hearing, three years after the award of the injunction, the bill was dismissed. Decree affirmed.

*Appeal from Kit Carson District Court*—Hon. WM. P. SEEDS, Judge.

Messrs. BARTELS & SILVERSTEIN, for appellant.

Messrs. RICHARDSON & HAWKINS, for appellees.

*Per Curiam,* Department No. 3.

Suit by appellant, a railroad corporation, against appellees, for an injunction to restrain the latter from removing or interfering with a snow fence of the former erected and maintained upon the lands of the latter under an alleged easement or covenant created by, and contained in, a deed made to the grantor of the railroad company by one Winchel, then an occupier of a portion of the public domain under a pre-emption filing, and who subsequently acquired title to the particular tract and conveyed the same to one of the appellees by general warranty

20

deed without mention of the alleged prior grant. Winchel's deed conveyed a strip of land one hundred feet wide for right-of-way, and that particular land is not in controversy. The deed, however, further provided as follows: "And said railway company, its successors or assigns, may at any and all times between the first day of November and the 15th day of March of each year, erect and maintain snow fences on the lands now owned by said grantor or grantors not more than two hundred feet north or west of the center line of said railroad, and may remove said snow fences at pleasure; but shall only suffer them to remain on the lands of such grantor or grantors during the time herein limited."

February 8, 1902, the railroad company not setting forth the deed, but alleging in its complaint that "it had the right to maintain snow fences on defendants' land," obtained a temporary injunction as prayed, which was unlimited as to time. Under this restraining order, it kept a fence on appellees' land continuously for a year after March 15, following the injunction. Then of its own accord it removed the fence and has never undertaken to replace it.

February 4, 1905, upon final hearing, the temporary injunction was dissolved and the complaint dismissed.

Under the view which we take of this case, we are relieved of ascertaining and determining the distinction between an easement and a license which has been said to be "so metaphysical, subtle and shadowy as to elude analysis."

After a careful consideration of the record, and interesting briefs and arguments of the respective parties, we are clearly of the opinion that the court, upon final hearing, properly dismissed the complaint. The judgment is, therefore, affirmed.

*Affirmed.*