## LOGAN v. YOES et al.

No. 1195. Opinion Filed October 3, 1911.

(118 Pac. 353.)

EXECUTION—Sale—Injunction—Dissolution. Where a temporary injunction was issued to restrain a constable from selling certain personal property under execution "pending the further order of the court," and the property was returned to the plaintiff in the injunction suit, who sold it and disposed of the proceeds before final hearing, held, that the temporary injunction was properly dissolved.

(Syllabus by Rosser, C.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by Charles E. Logan against I. S. Yoes and the First National Bank of McAlester. From a judgment dissolving a temporary injunction, plaintiff brings error. Affirmed.

*J. E. Whitehead,* for plaintiff in error.

*Stuart & Gordon,* for defendants in error.

Opinion by ROSSER, C. This is a suit by Chas. E. Logan against I. S. Yoes and the First National Bank of McAlester.

Yoes was constable of the McAlester commissioners' district of the Central district of the Indian Territory prior to statehood. The First National Bank obtained judgment against the plaintiff, and had an execution issued, which was placed in the hands of the defendant, I. S. Yoes, as constable, and he levied upon the property described in plaintiff's complaint. The plaintiff, either because he did not know of the levy of the execution, or for some other reason, failed to file his schedule claiming the property as exempt under the provisions of Mansf. Dig. Ark., sec. 3006 (Ind. Ter. Ann. St. 1899, sec. 2121), and, in order to prevent a sale under the execution, brought this suit to enjoin the constable from selling the particular property levied upon. A temporary injunction was issued, enjoining the defendants from proceeding "pending the further order of the court." The property appears to have been returned to the possession of the plaintiff. After the injunction was issued and the property returned to plaintiff, and before final hearing, he, or his attorney, sold the property and disposed of the proceeds. The trial court dissolved the injunction on final hearing, and this appeal was taken to reverse its action.

The property on which the execution was levied having been disposed of, there was nothing upon which an injunction could operate. It is not proper, in a suit for injunction, to adjudicate the question as to whether the property was subject to execution, after the plaintiff has disposed of the property and placed it beyond the reach of the execution. The injunction could no longer subserve any useful purpose, and was properly dissolved. *C., R. I. & P. Ry. Co. v. Territory,* 21 Okla. 329, 97 Pac. 265; *Gibson v. Powell,* 96 Mo. App. 681, 70 S. W. 935; *Wetmore v. Low,* 34 Barb. (N. Y.) 515; *In re Jackson* (D. C.) 9 Fed. 493; *C., R. I. & P. Ry. Co. v. Guthrie,* 46 Colo. 305, 106 Pac. 879; *Brock R. Co. v. Brookville Mahoning R. Co.,* 219 Pa. 166, 68 Atl. 46; *Daugherty v. Curtis* (Iowa) 97 N. W. 67.

The decree of the district court should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.

ERRATUM.

In 30 Okla., center of page 64, for line 18 from top, beginning: "These cases  *   *   *," substitute the following line:

The sole question in this case is whether, in this state, in the