### Isaac N. Perry v. John Kausz.
### The People of the State of Illinois, Defendant in Error, v. John Kausz, Plaintiff in Error.

### Gen. No. 16,160.

CONTEMPT—*what requires discharge in proceedings for criminal.* In criminal contempts alleged to have been committed out of the presence of the court, if the contemner's answer is sufficient to acquit him of the charge he must be discharged.

Error to the Municipal Court of Chicago; the HON. ISIDORE HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed February 6, 1912.

JOHN W. BURDETTE, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

A writ of error is prosecuted by the respondent,

John Kausz, from an order of commitment for contempt of court, wherein a fine of $25 was imposed upon him and he was ordered committed to the common jail of Cook county, Illinois, until he should comply with the order of the court by paying the fine so imposed, the commitment containing the provision that the term of imprisonment should not exceed six months, or until he should otherwise be discharged by due process of law.

From the record it appears that a judgment was obtained by Isaac N. Perry against the respondent in the Municipal Court of Chicago. Execution was issued upon the said judgment, and on August 7, 1909, before the return of the execution, supplementary proceedings were instituted under section 64 of the Municipal Court Act. The proceeding was begun by the petition for a citation requiring Kausz, as judgment debtor, to attend and be examined as to his property. The citation was issued and made returnable August 21, 1909. On August 21st Kausz attended at the time and place set, and a motion was made by his attorney to quash the petition and citation for insufficiency appearing upon the face of the petition. This motion does not seem to have been disposed of. On the same day, a rule was entered by the judge before whom the matter was pending, requiring Kausz to show cause at Branch 13 of the Municipal Court, at 9:30 a. m. September 4, 1909, why he should not be committed for contempt of court, "for failing to attend as witness before court." This rule was never served on Kausz. An alias rule was entered continuing the contempt proceeding until September 18, 1909. Copy of this order was served on Kausz, but on motion of his attorney, appearing as a friend of the court, the rule was quashed. On the same day, September 18, 1909, the following order was entered:

"ISAAC N. PERRY v. JOHN KAUSZ.    CONTRACT No. 146427,

"It is ordered that JOHN KAUSZ, be and he hereby is ordered to show cause if any he have, before Branch thirteen of this Court, at 9:30 o'clock a. m. on the eighth day of October A. D. 1909, why the said JOHN KAUSZ should not be attached and punished for a contempt of this Court in refusing and neglecting to attend before this Court, and be examined concerning the property of the judgment debtor herein."

Copy of this rule was served upon Kausz, and thereupon he filed an answer, setting up among other things that the respondent was not informed by the notice purporting to be a copy of the order or rule to show cause, at what time or under what circumstances the supposed offense was committed; that no writ, summons, citation or notice to attend or be examined concerning the property of the judgment debtor, returnable September 18, 1909, was ever served upon him; that the lawful fees for attending and testifying in such case were not paid or tendered; that he was informed that the cause would be called for some purpose on that day and attended before the judge sitting in the branch of the court where the matter was pending; that the respondent was not then and there called to the bar of the court or notified, advised or informed that he was expected or required to be examined concerning the property of the judgment debtor in said cause. The answer further sets up that the respondent on each and every occasion when and where any writ, summons, notice, rule or citation has been served upon him, has appeared and been present in the court room and remained during the transaction of all matters relating to the cause; that he was at no time called to the bar of the court or advised or informed that he was expected or required to be examined concerning the property of the judgment debtor (himself). The

answer further sets up the fact that a motion was made on August 21st to quash the citation returnable on that day, and that the said motion was not and has never been disposed of.  The answer is under oath.

It appears that on October 13, 1909, the day on which the hearing was had in the contempt proceedings and after the answer was filed, the court called the respondent to the bar and asked him the following question, "Are you now ready and willing to be examined in regard to the property of the judgment debtor?", and thereupon the respondent, upon the advice of counsel, answered that that matter was not then pending and that he was not notified to appear for that purpose, and for the further reasons set out in his answer theretofore filed he was not ready and willing to be examined, and declined to be so examined.  Following this colloquy the order of commitment was entered.

It will be noticed that the charge of contempt against which the respondent was then defending himself, was his failure to appear September 18th or prior thereto. It will also be noticed that in the answer, after setting out that he was present in the court whenever cited to appear, for the purpose of examination concerning his property, it was stated that no attempt was ever made to examine him, and that a  motion · was made in his behalf to quash the citation requiring him to submit to examination, which motion was never disposed of.  It has repeatedly been held that in criminal contempts alleged to have been committed out of the presence of the court, if the contemner's answer is sufficient to acquit of the charge he must be discharged. Crook v. People, 16 Ill. 534; Buck v. Buck, 60 *id*. 105; People v. Diedrich, 141 *id*. 665; Oster v. People, 192 *id*. 473.  It is also a general rule that an attachment for contempt alleged to have been committed out of the presence of the court should be based upon an affidavit as to the truth of the facts constituting the alleged con-

tempt. There is nothing in the order of commitment in the case now under consideration to indicate that the alleged contempt was committed in the presence of the court, nor is there any finding that the allegations of the answers were untrue. If, as set out in the answer, the respondent was never called upon by the court, in open court, prior to the institution of contempt proceedings, to submit himself for examination, and if, as set out in the answer, he was in court at all times when required so to be by citation or otherwise, it is difficult to see how he could be guilty of the contempt for which he was committed. We think the order of commitment was improperly issued.

We are asked by the plaintiff in error, Kausz, to impose costs upon Isaac N. Perry, the judgment creditor, as relator. It is insisted, however, by the plaintiff in error in his brief that the court had no jurisdiction in the supplementary proceeding in relation to which the judgment was entered:—

"First, because, while in its body it purported to be the petition of Isaac N. Perry, the judgment creditor, it was not signed by him, but by procuration by Louis Krinsky, described in the signature as 'his duly authorized agent.' There is no suggestion of the authority of Krinsky to act for Perry other than this vain recital in the signature.

"Second, because it is not verified by the judgment creditor, but by Louis Krinsky, who avoids making oath that he is the agent of the judgment creditor or that he had any knowledge of the facts and circumstances in question, but who merely swears that he is the person who signed the petition; that he knows the contents thereof and that 'the matters therein set forth are true.' "

There has been no appearance by the defendant in error in this court. In the writ of error sued out by the plaintiff in error no attempt was made to bring Isaac N. Perry before the court, and he has not entered his

appearance. There is nothing in the record to indicate that he was the relator in the proceeding, except the petition which the plaintiff in error insists was absolutely nugatory. Under these circumstances we see no legal basis on which Perry may be charged with costs of the proceeding.

For reasons stated the judgment will be reversed.

*Reversed.*