## CARLIN, Appellant, v. WOLFF et al.

### In Banc, February 20, 1900. *

1. **Injunction:** WHEN WILL NOT LIE. Injunction lies only for a threatened wrong for which no adequate legal remedy is afforded, and a court of equity will not issue an injunction to prevent the performance of an act already consummated.

2. ————: ————: OBSTRUCTING HIGHWAY: EVIDENCE. A court of equity will not grant an injunction to prevent the obstruction of a highway, on vague, uncertain, and contradictory evidence.

3. **Bill of Exceptions:** ATTACHING EXHIBITS. The attachment of a plat, which was in evidence, and which is referred to in a bill of exceptions, as an exhibit to the bill of exceptions, is a sufficient compliance with Revised Statutes 1889, section 2304, which provides that evidence shall be incorporated in the bill of exceptions.

Appeal from Cole Circuit Court.—*Hon. D. W. Shackleford,* Judge.

AFFIRMED.

NOTE.—Decided in Division Two, June 15, 1899: and on transfer to Banc, divisional opinion adopted, February 20, 1900.

*Silver & Brown* for appellant.

(1)    Even if the plat had not been acknowledged, or had been otherwise defectively executed, still this would not have been fatal to its admissibility in evidence.    Rollins v. McIntyre, 87 Mo. 496; Baker v. Vanderburg, 99 Mo. 390.    A plat will amount to a dedication with the streets and numbers indicated thereon in general terms, without giving the dimensions of the lots.    California v. Howard. 78 Mo. 88. (2)    The evidence conclusively shows that taking Main street (as located on the plat) for a base or starting line, and measuring therefrom according to the notations on the plat to the alley in controversy, defendant's fence is within the alley limits as claimed by plaintiff.  (a)  When the number of the lot on a plat referred to in a deed is the only description of the land conveyed, the courses and distances and other particulars in the plat are to have the same effect as if recited in the deed. Dolde v. Vodicka, 49 Mo. 98; Thomas v. Patten, 13 Me. 329. (b)    Where two monuments are referred to in a deed incompatible with each other, that which is the most certain and the more prominent is to be preferred.    Lincoln v. Wheeler, 29 Me. 169.    Main street, as marked on the plat, and as it has existed without change since 1865, and possibly prior thereto, is a more certain and prominent monument than the stones found by the surveyor, and whose histories are unknown.   (c)  A survey (and monuments placed in pursuance thereof) do not prevail over a plat when the survey is subsequent to the plat.    Thomas v. Patten, 13 Me. 329.    (d) Where streets have been opened and have been acquiesced in by the parties interested, or by the public authorities (as shown with reference to Main street delineated on the plat) "they become permanent boundaries and form new starting points for later surveys."    Twogood v. Hoyt, 42 Mich. 609; Hoffman v. Port Huron, 102 Mich. 417; Thomas v. Patten, 13 Me. 329.  (2)    Streets which are well defined and in use

for a long time are governing monuments.   Doe v. Riley, 28 Ala. 164.   (f)   Old fences have always been regarded as strong and trustworthy evidence in ascertaining and fixing boundaries.   Hoffman v. Port Huron, 102 Mich. 417.   (3) Injunction is a proper remedy for plaintiff in this case. Downing v. Dinwiddie, 132 Mo. 92; Lakenan v. Railway, 36 Mo. App. 363; Schopp v. St. Louis, 117 Mo. 131.   And it is immaterial that the act obstructing the alley was completed before the suit was brought, although the weight of the evidence is to the contrary.   Lakenan v. Railroad, 36 Mo. App. 363.

*Pope & Belch* for respondents.

(1)   The court could not determine the contention from the evidence submitted.   There never was any lawful plat in evidence, or one that in any wise conformed to the law, or any law that ever existed.   The copy offered does not describe the land upon which the addition is located, the ground reserved for streets and alleys by boundaries, course and extent, or in any way comply with law.   R. S. 1845, chap. 176, p. 1055; R. S. 1855, chap. 158, p. 1535; G. S. 1865, chap. 44, p. 247; R. S. 1879, p. 1287.   (2)   It is unlawful to sell lots before the requirements of the statute is complied with, and a sale before compliance is void.   Sec. 7313, R. S. 1889; Downing v. Ringer, 7 Mo. 585.   (3) Such plat, so made out and recorded, vests the fee of the lands laid out as streets and alleys in the county.   Sec. 7313, R. S. 1889.   And ejectment may be maintained therefor.   California v. Howard, 78 Mo. 88.   The following cases recognize ejectment, as proper remedy to recover lands dedicated to public use for parks, squares, streets, alleys, etc.   Baker v. Vandenberg, 99 Mo. 378; Price v. Breckenridge, 77 Mo. 447; Reid v. Board of Ed. of Edina, 73 Mo. 295.   Secs. 7920 et seq., R. S. 1889, places the streets and alleys, etc., under the control of the county court, and gives the road overseer the same control

over, and requires of him the same duty towards them, as county roads. Sec. 7827 provides for punishing persons obstructing roads and also provides for a penalty of $5 per day to be recovered of any one refusing to remove obstructions, within five days after being notified by the overseer, requiring him to remove such obstruction. The plaintiff having shown no title in himself is in no position to complain. Ziebold v. Foster, 118 Mo. 349; Brown v. Carthage, 128 Mo. 10.

IN DIVISION TWO.

SHERWOOD, J.—Injunction to restrain defendants, and chiefly defendant Hermann, from building his fence and thereby obstructing a certain alley in the immediate rear of plaintiff's premises, situate in that certain and uncertain locality known and unknown as the "Lower Jefferson Addition" to the City of Jefferson. In addition to injunctive relief the petition prays for an assessment of damages as compensation for obstructing the alley aforesaid, which it is charged denied plaintiff ingress to, and egress from, the rear end of his lot. The answer of Hermann denies having ever obstructed the alley with his fence, but states that "the matters complained of and which plaintiff now seeks to enjoin long since happened and were completed and that this court can not restrain him from doing what has already been done."

There was no reply filed. The answer of the other defendants was in effect a general denial and a disclaimer. Upon hearing had, the court found the issues for defendants, and gave judgment accordingly.

1. The evidence shows that defendant Fred Wolff and Waldemar Wolff, Hermann's sons, were prosecuted for obstructing the litigated alley and on trial, which occurred on November 26, 1895, they went acquit of the charge, and that two days thereafter, to wit, November the 28th, the fence was finished.

Now the summons issued and was served in this cause, on the same day the petition was filed, to wit, November 30, 1895, which was two days after the fence was completed.

More than that, the answer alleging the completion of the fence went undenied, and so must be taken as true, and it is wholly immaterial whether the fence in question was completed before or after suit brought, since an injunction, if granted, could not have any retroactive effect on work being done and incomplete when suit brought, but complete when answer filed.

It is familiar and well-settled law that a court of equity will not attempt to restrain the doing of any work which has already been accomplished, and for obvious reasons. [10 Am. & Eng. Ency. of Law (1 Ed.), p. 783, and cases cited; 1 High on Inj. (3 Ed.), sec. 23, and cases cited; among them, Owen v. Ford, 49 Mo. 436.] This feature is alone decisive of the affirmance of the judgment rendered.

2.    It is asserted by plaintiff's counsel that no objection was made to the plat when offered in evidence.

This assertion is erroneous and is contradicted by the bill of exceptions brought to this court at the instance and on the motion of plaintiff's counsel. Which bill of exceptions, on p. 41, thereof, recites:

"Mr. Silver: I now offer a certified copy, or rather the original plat book. I offer the original plat of Lower Jefferson addition, I mean the record of the plat of Lower Jefferson addition as contained in the Cole county plat book, on page 16.

"Mr. Pope: I object to that because it is not executed and acknowledged as required by the law for the laying off of towns and additions of towns. It does not purport to have been acknowledged, nor is there any thing about the record to show upon what piece of land it is situated, or where it begins. or where it ends, or any matter by which it could be identified."

Such misstatements by counsel, of the record, should not occur.'

But the plat is not incorporated in the bill of exceptions.

Under the provisions of section 2304, Revised Statutes 1889, the only things that need not be incorporated in the bill of exceptions are the motions for new trial, in arrest and the instructions, and the bill of exceptions in such case must contain a direction to the clerk to copy the same, and the same must be so copied.

Here the bill of exceptions recites: "Said plat offered in evidence is in words and figures as follows, as appears from same attached to this bill of exceptions, and marked exhibit A."

Such a reference does not in strictness, incorporate the evidence in the cause, nor any portion thereof thus referred to, as in this regard the old rule respecting the necessity of the evidence being incorporated in the bill of exceptions still prevails unaffected by the emendations made by the act of 1885 (Laws 1885, 219) in section 3776 Revised Statutes 1879, now section 2304 aforesaid (State v. Griffin, 98 Mo. 672, and other cases); but the strict letter of the statute has been so far relaxed as to make valid such a reference as above to documentary evidence. [Tipton v. Renner, 105 Mo. 1].

But taking the bill of exceptions as all right and regular in the respect mentioned, still this avails plaintiff nothing, and for these reasons:

The so-called plat does not comply with the law in any particular, to wit:

It is not acknowledged by any one, nor does it appear on what piece of land it is supposedly situate, to wit, as to section, township and range, nor does it describe the ground reserved for streets and alleys by boundaries, course and extent, as required by sections 7309 and 7312, Revised Statutes 1889.

Moreover the testimony of those who have attempted to survey the *locus in quo* is vexatiously indefinite and un-

satisfactory.  Of two surveyors who attempted to survey the ground in dispute, one made it out that the alley was almost entirely obstructed by the fence; the other that it was not obstructed at all.  No wonder that the lower court, confronted with such contradictions, refused to enjoin defendants, because a court of equity does not grant injunctive relief in the circumstances related, except in a very plain case. [Elliott on Roads and Streets, 496; 1 High on Inj. (3 Ed.), secs. 886, 887; 2 Sto. Eq. Jur. (13 Ed.), pp. 227, 228.]

For these reasons we affirm the judgment.  All concur.

IN BANC.

PER CURIAM.—This cause having been reheard by the Court in Banc, the opinion of *Sherwood, J.*, in Division No. 2, is adopted as the opinion of the Court in Banc, and judgment will be entered accordingly.  *Burgess, Robinson, Brace, Marshall* and *Valliant, JJ.*, concurring therein *in toto*; *Gantt, C. J.*, concurring on the ground that the proof of the location of the alley was too indefinite to justify a finding for plaintiff.