JOHN C. DOWNING, Respondent, v. M. H. CORCORAN, Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. ROADS AND HIGHWAYS: Private and Public: Landowner's Access. A private road established by the county court becomes free for the public and the abutting property-owner has a right to connection therewith at a reasonably convenient point, and the interference with such connection is wrong.

2. ——: ——: ——: Injunction. Injunction is the proper remedy for repeated interference with such reasonable connection.

3. ——: ——: ——: ——: Accomplished Facts. While equity will not restrain acts committed before its aid is sought yet where the defendant is engaged in a series of continuous wrongs in obstructing the abutting landowner's access to a public highway, the case is different and injunction will lie, since the obstruction of the highway may be both a public and a private nuisance, and a private citizen injured thereby is entitled to injunctive relief.

4. **APPELLATE PRACTICE:** Equity Case: Deferring to Trial Court. Where the testimony is conflicting the appellate court may defer the conclusions of the trial court.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Wilson & Wilson* for appellant; *George W. Day* with them on brief.

(1) There was no unreasonable obstruction of the plaintiff's right of ingress to, or egress from, his premises. Rude v. St. Louis, 93 Mo. 414, 415; Stephenson v. Railroad, 68 Mo. App. 642; Hulett v. Railroad, 80 Mo. App. 87; Walton v. Railroad, 67 Mo. 85; R. S. 1899, Sec. 9468. (2) Plaintiff was not entitled to an injunction. Tanner v. Walbrunn, 77 Mo. App. 262. (3) There was no unreasonable obstruction of the plaintiff's ingress to, and egress from, his premises. Stephenson v. Railroad, supra; Rude v. St. Louis, supra; Hulett v. Railroad, supra. (4) The alleged injury to plaintiff was not different in kind from that which the public, generally, sustained. Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92; Dry Goods Co. v. Railroad, 41 Mo. App. 63. (5) Even if the alleged obstruction was in the street, plaintiff had an adequate remedy at law. Thomas v. Hunt, 134 Mo. 392. (6) The acts complained of had been done years before this action was brought, and equity will not restrain the doing of work which has already been accomplished, nor afford relief where there is unreasonable delay in seeking it. Carlin v. Wolff, 154 Mo. 539; Robins v. Latham, 134 Mo. 472.

*Anderson & Carmack* for respondent.

(1) The wrong in this case, if any wrong was done, is a continuing one, which ejectment would not right, for

it could not remove the obstruction. Nor would an action at law for damages avail, for the wrong could not with certainty be recompensed in an action for damages. 2 Story's Eq. (6 Ed), 264; Wood on Nuisances (1 Ed), sec. 770; Lakenan v. Railroad, 36 Mo. App. 372; Cook v. Ferbert, 145 Mo. 462; Rude v. St. Louis, 93 Mo. 415; Dickenson v. Whitney, 141 Mass. 414; Devore v. Ellis, 62 Iowa 505; Joyce v. Conlon, 72 Wis. 607; Elliott on Roads and Streets, 496-497. (2) Respondent was specially injured by appellant's wrongful acts, because as abutting owner of land contiguous to the road, he has a special right of access thereto and egress therefrom, and has no other convenient way to the market. Lakenan v. Railroad, supra; Cook v. Ferbert, 145 Mo. 462; Stumpe v. Railroad, 61 Mo. App. 360; Knapp v. Transfer Co., 126 Mo. 38; Lumber Co. v. Railroad, 129 Mo. 459; Lockwood v. Railroad, 122 Mo. 100; Schoop v. St. Louis, 117 Mo. 135; Glaessner v. Brewing Co., 100 Mo. 508; McDonald v. Newark, 42 N. J. L. 136. (3) Appellant deems the evidence "indefinite and unsatisfactory" on this point. The trial court had superior advantages for weighing the evidence and judging of the credibility of witnesses, and its action will be deferred to, unless clearly erroneous. Parker v. Roberts, 116 Mo. 657; Toler v. McCabe, 52 Mo. App. 532; Johnson v. Duer, 115 Mo. 366. (4) It is respectfully submitted that the judgment in this case should be affirmed. Hulett v. Railroad, 80 Mo. App. 87.

ELLISON, J.—Plaintiff by this proceeding sought to enjoin defendant from placing obstructions in a certain private road and maintaining the same so that plaintiff's free use of the road from his adjoining premises was interfered with and in great measure prevented. The trial court granted the injunction.

It appears that the parties to the controversy are neighbors and that each needed a way out to the public road. The plaintiff made use of a passway out, and af-

terwards defendant, by proceeding in the county court, got this converted into a private road. When the road was established it became free to the use of the public, and was consequently subject to the free and untrammeled use of this plaintiff. [R. S. 1899, sec. 9468.] But it appears that defendant began to prevent its free and convenient use by the plaintiff by divers obstructions which hindered such use. First, plaintiff placed a gate at or near the eastern terminus and defendant erected posts and wire so near thereto that it prevented its use from plaintiff's premises. Plaintiff then made a gate at another place, and then again at another, but each of his efforts to obtain use of the road was circumvented by some corresponding effort on part of defendant to prevent it. He piled rock and dug ditches—and thus annoyed and prevented plaintiff from enjoying the privileges the law vouchsafed to him.

In support of his objection to the conclusions of the trial court, defendant states several correct propositions of law and cites authority in connection therewith, but we are clear that the facts of the case leave them without just application. It is contended that plaintiff is not entitled to connection with a public highway at every point along his line. That may be granted, especially if having connection at every point would inconvenience some other person. But here, plaintiff had a right to reasonably convenient points of connection and it was wrong in defendant, without excuse or right, to prevent his use of such points, notwithstanding there possibly may have been other places where defendant could have gotten through.

We do not think the point that plaintiff has mistaken his remedy is well taken. Injunction is properly invoked in cases of the nature made by plaintiff. It is sustained by statute, as well as adjudicated cases: The statute (Section 3649, Revised Statutes 1899) provides that "the remedy of injunction . . shall exist in all cases where an irreparable injury to real or personal property

is threatened, and to prevent the doing of any legal wrong, whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages." [2 Story's Eq. (6 Ed), 264; Wood on Nuisances (1 Ed), sec. 770; Lakenan v. Railroad, 36 Mo. App. 1. c. 372; Cook v. Ferbert, 145 Mo. 462; Rude v. St. Louis, 93 Mo. 415; Dickenson v. Whitney, 141 Mass. 414.]

It is suggested that the acts complained of are now, and were at the beginning of this proceeding, accomplished facts and that equity will not undertake to restrain the doing of things already done. The case of Carlin v. Wolff, 154 Mo. 539, is cited to sustain the suggestion. That case states the general rule of the powerlessness of courts of equity to restrain acts committed before the aid of the court is sought. That rule of law was stated in that case to the single and isolated act of obstructing an alley. But this is a different case. Here, the pleader has set up, not a single accomplished act, but a series of acts continued through a space of time, each of them being a new obstructive measure to thwart a move of avoidance which the plaintiff would make to overcome a preceding wrongful act on the part of defendant. The defendant, according to plaintiff's bill, was engaged in a series of continuous wrongs and the proof sustained the allegations. Surely, in such state of case, the injured party must have a time when he can complain with certainty of redress. If the defendant should obstruct plaintiff at every successive point where he endeavored to gain access to the road, and with the evident intention to continue the process, it would be a denial of justice to refuse him relief.

"An abutting property owner has the same right to the use of the street that the public have and, in addition thereto, he has rights which are special to himself, as the rights of ingress and egress, and this right is a property right which he may protect. An obstruction in a street or highway may be both a public and a pri-

vate nuisance, and in such cases the private citizen who has been injured may have injunctive relief. [Glaessner v. Brewing Co., 100 Mo. 508; McDonald v. Newark, 42 N. J. 136." Schopp v. St. Louis, 117 Mo. 135.]

We have not overlooked the fact that many of the points of plaintiff's case, as made out by testimony in his behalf, are contradicted by the defendant. But we view the evidence as preponderating in plaintiff's favor. It is a case where we readily defer to the conclusions of the trial court. [Parker v. Roberts, 116 Mo. 657.]

A careful examination of the evidence in connection with the briefs of the respective counsel has brought us to the conclusion that the judgment should be affirmed. All concur.