Atterbury v. West.

H. C. ATTERBURY et al., Respondents, v. W. D.
WEST et al., Appellants.

**Kansas City Court of Appeals, November 15, 1909.**

1. **INJUNCTION: Nuisance.** Injunction is the proper remedy not only to    prevent a nuisance, but also to abate the continuance of one.

2. ———: ———: **Petition.** It was not error to permit the petition to be amended before trial to conform to the evidence and to include a prayer for an abatement of the nuisance.

3. ———: ———: **Abatement.** Where a nuisance has been established at law the court will grant an injunction as a matter of course where such nuisance is of a continuing or constantly recurring character.

4. ———: ———: **Damages.** Where the injury complained of is common to that sustained by the public at large injunction will not lie, but this rule does not apply where plaintiff suffered or will suffer damages over and above that which the    community at large will suffer.

Appeal from the Chariton County Circuit Court.—*Hon.*
*Jno. P. Butler,* Judge.

AFFIRMED.

*H. J. West* and *Jones & Conkling* for appellants.

(1) An injunction cannot have a retro-active effect and where an act has been done, injunction is not the proper remedy and in this case the band stand having been completed at the time that the suit was brought, injunction will not lie to restrain it or compel its removal. Carlan v. Wolf, 154 Mo. 539; Owen v. Ford, 49 Mo. 436; Baker v. McDaniel, 178 Mo. 447; Verden v. St. Louis, 131 Mo. 117; High on Injunctions (3 Ed.), sec. 23; Atty.-Genl. v. Railroad, 3 N. J. E. 136; Railroad v. Dey, 1 L. R. A. 744; Gardiner v. Strover, 6 L. R. A. 90. (2) Before plaintiffs are entitled to the relief

prayed for they must show some substantial injury or damage or injury which is special and peculiar to them. High on Injunctions (4 Ed.), secs. 762, 763; Biglow v. Bridge Co., 14 Conn. 565; Eng. v. Peckam, 11 R. I. 210; Railroad v. Cheevers, 24 L. R. A. 156; Wood on Nuisances, sec. 839; Schnapp v. St. Louis, 117 Mo. 131; Gleasener v. Bush, 100 Mo. 508; Vandeer v. Kansas City, 107 Mo. 91; Gates v. Bridge Co., 111 Mo. 28; Givens v. Van Studdiford, 86 Mo. 158; Thompson v. Macon City, 106 Mo. App. 84; Baker v. Daniel, 178 Mo. 469. (3) It is not in every case of a public nuisance or of an obstruction in a highway that a court of equity will lend its aid or cause its abatement or removal either at the instance of the public or a private individual. And while courts of equity have jurisdiction in such cases, yet in order to justify the interference of a court of equity there must be strong necessity for its exercise, irreparable damage must result and it must be clear that no adequate remedy at law exists. Givens v. Van Studdiford, 86 Mo. 158; Rude v. St. Louis, 93 Mo. 408; Atty.-Genl. v. Brown, 24 N. J. E. 89; Atty.-Genl. v. N. J. R. Transp. Co., 3 N. J. E. 136; Water Co. v. Hudson, 13 N. J. E. 426; Atty.-Genl. v. Heishon, 18 N. J. E. 410; Morris v. Prudden, 20 N. J. E. 532; Zabriskie v. Railroad, 13 N. J. E. 314. (4) It was error to permit plaintiffs to file an amended petition at the May term of court, the evidence all having been heard and the cause submitted at the September term preceding. The amended petition changed the cause of action and substituted a new and different cause of action for that stated in the original petition. The amended petition called for a relief wholly different in character from that demanded in the original petition, in that it proceeded against certain of the defendants as officials of the town of Mendon, while in the original petition it proceeded against them in their capacity as individuals. Simms v. Fields, 25 Mo. App. 457; Ross v. Cleveland, 167 Mo. 317; Prehn v. Porter, 165 Mo. 115; Carter v. Dilley, 167

Mo. 564. (5) A different cause of action cannot be injected into the amended petition, nor can a different cause of action be substituted for that stated in the original petition; it would be a departure. Ross v. Cleveland, 167 Mo. 317.

*Benecke & Benecke* and *Lozier, Morris & Atwood* for respondents.

(1) Plaintiffs were properly permitted to amend their petition to conform to the facts proved. Blair v. Railroad, 89 Mo. 383; Baltis v. Friend, 90 Mo. App. 408; Young v. Glascock, 79 Mo. 574; Insurance Co. v. Smith, 117 Mo. 297; Chance v. Jennings, 159 Mo. 553; Lamb v. Railroad, 33 Mo. App. 492; Grymes v. Lumber Co., 111 Mo. App. 361; Carter v. Baldwin, 107 Mo. App. 228; Bank v. Noel, 94 Mo. App. 498; Walker v. Railroad, 193 Mo. 453; Stewart & Jackson v. Van Horne, 91 Mo. App. 658; Carr v. Moss, 87 Mo. 447; Ingwersen v. Railroad, 116 Mo. App. 139; Golden v. Moore, 126 Mo. App. 522; Landers v. Railroad, 114 Mo. App. 655; Castleman v. Castleman, 184 Mo. 432. (2) Plaintiffs, as abutting owners, owned the fee to the center of the street, subject to the easement for public travel. As such owners they had rights to the highway peculiar to themselves, and not possessed by the public generally. These rights were impaired by the construction, use and continuance of the objectionable structure. It is the settled doctrine, both at common law and in this State, that the owner of premises abutting on a public street is the owner of the fee to the center thereof, subject to the easement to which the land is devoted. Thomas v. Hunt, 134 Mo. 399; Snoddy v. Bolen, 122 Mo. 479; Grant v. Moon, 128 Mo. 49; Corby v. Railroad, 150 Mo. 457. (3) Plaintiffs, as abutting owners, whose property rights were invaded and who sustained substantial damages peculiar and different in kind, character and degree from that of the public generally, were entitled to injunctive relief, as well as a mandatory order for the

abatement of the nuisance or removal of the obstruction. Plaintiffs' right to injunctive relief in the case at bar is sustained by the following cases, each of which was a proceeding by injunction by an abutting property-owner to secure the abatement of an obstruction in a public street. 1 High on Injunc. (3 Ed.), sec. 816; Rutherford v. Taylor, 38 Mo. 315; Price v. Thompson, 48 Mo. 361; Cummings v. St. Louis, 90 Mo. 259; Schopp v. St. Louis, 117 Mo. 131; Glaessner v. Brewing Assn., 100 Mo. 508; Heer D. G. Co. v. Railroad, 41 Mo. App. 63; Longworth v. Sedevic, 165 Mo. 221; Milling Co. v. Riley, 133 Mo. 574; Corby v. Railroad, 150 Mo. 457; Watson v. Railroad, 69 Mo. App. 552; Knapp, Stout & Co. v. St. Louis, 153 Mo. 560; Elliott on Roads and Streets (2 Ed.), sec. 665; Downing v. Corcoran, 112 Mo. App. 649; Refining Co. v. Elevator Co., 82 Mo. 127; Glasgow v. St. Louis, 87 Mo. 682. (4) The injury sustained by respondents was of a substantial character. It was separate, special and peculiar to them, and different in kind, character and degree from the injury, inconvenience and damage sustained by the public generally.

BROADDUS, P. J.—This is an action by certain property-owners to restrain the alleged unlawful obstruction of a public street in the incorporated town of Mendon, Missouri, and for a judgment for its removal.

Plaintiffs are joint owners of four lots at the intersection of Main and Third streets in said town upon which there is a building occupied by them as an implement, vehicle and harness store and also for general merchandise purposes. This building fronts on Main street, which is one of the principal thoroughfares of the town, and about seventy-six feet in width between the sidewalks.

Plaintiffs' evidence tended to show, that the entire space was used by the public; that it was especially needed by plaintiffs as a means of free access by their patrons to their place of business; that the crowds of

people who would be attracted to hear the music of the band would obstruct free communication, of persons who might desire to buy, with plaintiffs; that defendants Engleman, Hubbard, Stewart and Lowe constituted the board of aldermen of the town; that defendant West was the mayor; that defendant Backus was the leader of a brass band; that said defendants as mayor and board of aldermen authorized the erection of and participated with defendant Backus in constructing and causing to be constructed upon said street in front of plaintiffs' place of business a wooden structure about thirteen feet square and thirteen feet high, to be used as a stand for a brass band; that the erection of the structure was an obstruction to the street and interfered with free access to plaintiffs' place of business by their patrons; and that they will suffer in consequence of the erection and use of said structure injury over and above that shared by the general public. In addition it appeared that plaintiffs were the owners of the fee to the center of said street, subject to the public use, and that the structure was situated on that part which they were such owners.

It appeared from the evidence that the structure had been completed before the trial, wherefore plaintiffs asked and were granted permission to amend their petition to conform to the evidence and to include a prayer for an abatement of the nuisance. The amendment was made as proposed. The court found for the plaintiffs and decreed that the said mayor and aldermen remove the obstruction within thirty days and the defendant Backus was enjoined from using it for musical practice or entertainments as located. The defendants appealed.

In the first place defendants complain that the amendment was unauthorized for the reason that the original petition did not state a cause of action. Without going into particulars we are of the opinion that the petition did state a good cause of action, and that

there was no abuse of discretion by the court in allowing the amendment.

The principal question however raised by the appellants is that as the structure had been completed before the commencement of the action, injunction will not lie.

It is held that: "Injunction lies only for a threatened wrong for which no adequate legal remedy is afforded, and a court of equity will not issue an injunction to prevent the performance of an act already consummated." [Carlin v. Wolff, 154 Mo. 539.] And we find this general statement in Verding v. City of St. Louis, 131 Mo., l. c. 117, that: "The appropriate function of a writ of injunction is to afford preventive relief only . . . and it is only to be used for the prevention of future injury actually threatened." The law is similarly stated by many legal authorities, but we will confine our consideration of the question to what has been said by our own court.

The case of Carlin v. Wolff, supra, was commented on by this court in Downing v. Corcoran, 112 Mo. App. 645. The opinion reads: "It is suggested that the act complained of are now, and were at the beginning of the proceeding accomplished facts and equity will not undertake to restrain the doing of things already done. The case of Carlin v. Wolff, 154 Mo. 534, is cited to sustain the suggestion. . . . That rule of law was stated in that case to the single and isolated act of obstructing an alley." It was consequently held not to apply to instances of a series of continuous wrong. In State v. Franklin, 122 Mo. App. 486, the proceeding was to compel defendant to remove an obstruction from the street which consisted of a stable and fences. It was held, that, the state through its law officer, the prosecuting attorney, may maintain proceedings in equity to abate the nuisance. And the Supreme Court has declared the law to be, that it is settled beyond all dispute, that the equitable relief of preventing and abat-

Atterbury v. West.

ing a nuisance, may be sought in one proceeding in a court of equity. [Baker v. McDonald, 178 Mo., l. c. 468.] SHERWOOD, J., who delivered the opinion in Carlin v. Wolff, supra, said in Paddock v. Somes, 102 Mo., l. c. 240, that: "The question of nuisance having been established at law, and, where this has been done, the court will grant an injunction as a matter of course, where, as here, such nuisance is of a continuous or constantly recurring character." Since the decision in that case the courts are holding that it is not necessary to first establish the fact of the existence of the nuisance by a court of law before equity will interpose to prevent and abate it, but that the equity power of the court extends and embraces every feature of the case, as is said in Baker v. McDonald, supra.

There is no conflict in the decisions of the State when properly analyzed. The acts complained of constitute a continuing nuisance by reason of the fact, that so long as it remained and was used for the purpose of its construction it would operate to interfere with the plaintiffs in their business as merchants.

Much of appellant's brief and argument is predicated upon the theory that an injunction will not lie, where the injury complained of is common to the public at large. Such is the law; but as we have seen already it has no application, because the injury to plaintiffs is special and they have and will suffer damage over and above the injury the community at large will suffer. [Baker v. McDonald, supra.]

Affirmed.