## THOMAS H. APPLEGATE, Respondent, v. DIRECTOR-GENERAL OF RAILROADS, Appellant.

Kansas City Court of Appeals, December 13, 1920.

1. **ABUTTING OWNER: Rule Qualified: Access to Other Streets: Damages.** The rule that one has no claim for damages to his property for an obstruction to a street unless such property abuts on such street is subject to an important qualification, viz., that if one's access to the general system of streets in a town is entirely cut off whereby he suffers special and peculiar damages not common to the public in the same vicinity, an action in his favor will lie.

2. **NOT ABUTTING: Access to Other Streets Not Entirely Closed: Inconvenience.** Where ones property does not abut on an obstructed street and his access to other streets leading to other parts of the city are not entirely closed, such access being only made more inconvenient, he is not entitled to damages for such inconvenience.

3. **LIVING WELL OF WATER: Excavation: Not Abutting: Damages.** If a railway company makes a deep excavation along its right of way so that it drains the well of living water on premises in the neighborhood though not abutting on the right of way, it is liable in damages.

Appeal from the Circuit Court of Grundy County.—
*Hon. L. B. Woods,* Judge.

REVERSED AND REMANDED.

*Claude Wilkerson* and *Paul Barnett* for respondents.

*A. G. Knight* and *Luther Burns* for appellant.

ELLISON, P. J.—Plaintiff's action is based on the charge that defendant injured his residence property in the city of Trenton by excavating a "cut" between thirty and forty feet in depth and laying railway tracks therein in front of such property though not abutting thereon. He recovered judgment in the circuit court.

It appears that defendant's tracks entered the city of Trenton by way of a deep and long curve and being up grade made it difficult for trains entering the city. To relieve this situation, by straightening the track and reducing the grade, defendant, first securing the vacation of certain streets by the city council, excavated a cut of great depth and length beginning at——street running in a northerly direction to——street passing near by the front of plantiff's premises leaving only Chestnut street between him and the excavation.

Plaintiff's property consisted of lots 2 and 3 in block 7, fronting east on Chestnut street and running through to Cedar street in the rear. He was thus left on what the parties called on "Island," lying between the abandoned curve and the new excavation and track, and being out in the residence section of the town, 10 or 12 blocks from the main business center, his access to such business part was cut off except by way of Chestnut street on which he fronted; and direct access to the residence section was cut off east or north except by going two and one-half blocks south and then back a like distance. It will be observed that plaintiff's property was not cut off from other sections of the town, but access to such sections was only made more inconvenient with the excavation than without it.

As we have stated above, plaintiff's property did not abut on the new cut; it abutted on Chestnut street and that street was between it and the edge of the new

cut. Nor did plaintiff's property abut on 24th and 25th street, it was "inside" property lying between those streets, but separated from them by other property. Now it is the general rule that the property claimed to be injured by an obstruction to one or more streets must abut on such streets. [Glasgow v. St. Louis, 107 Mo. 198, 204, 205.]

But there are conditions and situations in which to apply the rule would be a manifest denial of justice; and it is said that an abutting is not "always essential to a recovery. Thus property may not be on the street, yet may communicate with it by means of a private way." [Rude v. St. Louis, 93 Mo. 408, 415.] An interesting case arose in Massachusetts in which the exception to the rule is stated. The court said that, "Ordinarily on discontinuance of a street, only those persons whose property abuts on the part discontinued suffer special and peculiar damages. Commonly such persons are the only ones whose property is cut off from access to the world outside. If this access is only made less convenient by the necessity of using some other part of the highway, instead of the part discontinued, their inconvenience in that particular is of the same kind as that of the public generally. But if their access from their property to the general system of public highways of the city or town is cut off altogether, the case is different. It has repeatedly been recognized that in such a case they may suffer special and peculiar damages. The right to recover such damages, even though the property does not abut on the discontinued portion of the way, is recognized by Chief Justice SHAW in the last paragraph of the opinion in Smith v. Boston, 7 Cush. 254, and by Mr. Justice CHARLES ALLEN in Davis v. County Commissioners, 153 Mass. 218, 223. [See, also Castle v. Berkshire, 11 Gray, 26; Stanwood v. Malden, 157 Mass. 17, 18.] It never has been held that one whose access to a general system of public streets in a city or town is entirely cut off, suffers only the same kind of damage by the discontinuance of a street as one of the public who is merely obliged to travel

further through public streets to reach his destination. So to hold would be to extend too far the doctrine previously stated in this opinion, which as now established sometimes causes hardship, although it rests on sound principles and generally accomplishes justice." [Putnam v. Boston & Providence Railroad, 182 Mass.. 351, 354.]

In a recent case in our Supreme Court the case just cited and the quotation we have made is approved. [In re 23rd Street Trafficway, 214 S. W. 109, 118.] In the latter case the court after approving a statement of the law in Downing v. Corcoran, 112 Mo. App. 645, said "that the owner of property thus affected has a right to access (to his property) in both directions which extend a far, at least, as the next connecting highway."

We think the foregoing justifies us in disapproving the view that plaintiff should not be allowed damages merely for the reason that his property does not abut on an obstructed street. But we think defendant right in the claim that plaintiff is nevertheless not entitled to damages. For damages are not allowed except they be such as plaintiff may suffer which are not common to other property holders similarly affected. That his damages are greater than his neighbors is not sufficient, for that is only a difference in degree. They must be damages peculiar to him and not in common with his neighbors. Now we find from the case as presented by each party, that plaintiff only suffers in common with his neighbors and that while he and they are cut off at points where but for the excavation across distant streets they might have had easier access to certain parts of town, they were not prevented from going to those parts by other ways. The most they suffer is a common inconvenience and for that, damages are not allowed. It is said in Davis v. County Commissioners, 153 Mass. 218, 223, that, "The general doctrine is familiar, that, ordinarily, one cannot maintain a private action for a loss or damage which he suffers in common with the rest of the community, even though his loss may be greater in degree. A difficulty sometimes arises,

however, in applying this doctrine to a particular case. In Smith v. Boston, 7 Cush. 254, it was held that the discontinuance of part of a street in a city, whereby the value of lands abutting on other parts of the street is lessened, is not a ground of action against the city by the owner of such lands, if the same are still accessible by other public streets. The court says: 'The inconvenience of the petitioner is experienced by him in common with all the rest of the members of the community. He may feel it more, in consequence of the proximity of his lots and buildings; still it is a damage of like kind, and not in its nature peculiar or specific. . . . The petitioner has free access to all his lots, by public streets. The burden of his complaint, therefore, is, that in going to some of his houses, in some directions, he may be obliged to go somewhat further than he otherwise would. So must the inhabitant of the south end of the city, or the citizens of other towns, with their teams or carriages, who would have had a right to use the discontinued way."

It is practically conceded that plaintiff's instruction permits damages for smoke of passing engines in the new cut and that an instruction for defendant specifically forbid such damages. It being admitted that for defendant was right, plaintiff's should not have been given.

A separate character of damage is claimed by plaintiff on account of draining his well of "living water" situated on his property. Defendant has cited a number of authorities to the effect that injury to a subterranean supply of water by a neighbor excavating for a lawful purpose on his own land is *dammum absque injuria*. [New Albany v. Railroad, 14 Ind. 112; Williams v. Ladew, 161 Pa. St., 283.] But a distinction is made, on good reason, between one digging on his own premises, for his own lawful purpose, and one who does not, in fact, own the land, but has only a special right in it and use of it, obtained upon condition that he pay all damages accruing to others. The latter is defendants position and it is undoubtedly liable for causing the flow

into plaintiff's well to cease. [Trowbridge v. Brookline, 144 Mass. 139; Parker v. Boston & Maine Railroad, 3 Cush. 107; Marsden v. Cambridge, 114 Mass. 490.]

The judgment should be reversed and the cause remanded. All concur.