BON SHIVELY, ET AL, APPELLANTS, v. CITY OF KEYTESVILLE, A MUNICIPAL CORPORATION, ET AL., RESPONDENTS.—238 S. W. 2d 682.

Kansas City Court of Appeals. Opinion delivered April 2, 1951.

*II. K. West* and *Wayne Wheeling* for appellants.

BROADDUS, J.—This is an action the purpose of which was to secure a judgment declaratory of the validity or invalidity of an ordinance approved by the Mayor and Board of Aldermen of the City of Keytesville. The ordinance relates to a tax on gasoline and other motor fuels in said city. Some of the plaintiffs are retailers of gasoline and motor fuels in the City of Keytesville, others are distributors and transporters of said products.

Section 1 of the ordinance involved provides that:

"No person, firm or corporation shall engage in, carry on or conduct the business of transporting, distributing, or selling gasoline or other motor fuel in the City of Keytesville, Missouri, without first having a. license therefor from the City Collector."

Section 2 provides:

"No person, firm or corporation shall store gasoline or other motor fuel in the City of Keytesville, Missouri, in quantities in excess of ten gallons, without first having obtained a license therefor from the City Collector."

Section 3 provides for payment of a quarterly annual license tax "the amount of said quarterly license tax to be determined at a sum equal to one cent for every gallon of gasoline or other motor fuel transported, distributed, sold or stored by such person, firm or corporation during the preceding period of three months and ending as aforesaid."

Section 6 provides: "All funds derived from the collection of the license tax herein provided for shall constitute a *special fund and shall be used, applied and expended solely and only for the purpose of building a city hall and* maintaining, repairing and resurfacing the public streets of Keytesville, Missouri." (Italics ours.)

Other sections pertain to the keeping of records, making quarterly reports, city collector's duties, and penalties for violations of the ordinance.

The trial court found that "the ordinance cannot be lawfully enforced against distributors, wholesalers and transporters of gasoline or other motor fuels who transport gasoline or other motor fuels from a point within said city to a point outside of said city, and the Court doth further find that said Ordinance cannot be lawfully enforced against storers of gasoline or other motor fuels in the City of Keytes-

ville, Chariton County, Missouri, except such storers of gasoline or other motor fuels who store the same for the purpose of resale, at retail.

"The Court further finds that said Ordinance No. 86 is a valid and enforceable ordinance against retailers of gasoline or other motor fuels in the City of Keytesville, Missouri, and that a tax of one cent (1¢) per gallon may be collected from them by the City of Keytesville."

Those plaintiffs who were retailers sought a new trial. It being denied them they appealed to the Supreme Court. That court, being satisfied that it was without jurisdiction, transferred the case to this court. Respondents filed no brief in the Supreme Court nor have they filed one here.

Among the many contentions made in appellants' brief is one that the tax is void as being for an unauthorized purpose. We think the point is well taken. It is to be noted that in Section 6, supra, the stated purpose is dual and in the conjunctive.

The sole authority for the enactment of the ordinance involved is Section 7196 Mo. R.S.A. 1939, which recites that "The Mayor and board of aldermen shall have power and authority to regulate and to license and to levy and collect a license tax" on certain businesses and occupations.

The tax here involved is not, in fact, a license tax but a general revenue tax. (Carter Carburetor Corp. v. City of St. Louis, 203 S. W. (2nd) l. c. 443; McQuillin Municipal Corporations, 3rd Ed. Vol. 9, Sec. 26.15.)

The rule is well settled that "municipalities in Missouri may only levy taxes in the manner and *for the purpose* granted by the state." (First Nat'l. Bank of St. Joseph v. Buchanan County, 205 S. W. (2nd) l. c. 729.) "A power to tax for general purposes does not include a power to tax for special or unusual purposes." (Vol. 64 C.J.S. Sec. 1992. As said by our Supreme Court in the case of Kansas City v. Frogge, 176 S. W. (2nd) l. c. 501: "The taxing power belongs to sovereignty. No such power inheres in municipal corporations. This principle is universally recognized. * * * The grant relied upon must be evident and unmistakable and all doubts will be resolved against its exercise, and in favor of the taxpayer."

The City of Keytesville is a city of the fourth class. Its charter is to be found in the statutes governing cities of that class. Article 9 of our statutes pertaining to municipal corporations deals with cities of the fourth class. Section 7180 thereof points the way in which a city of this class can erect a city hall—by issuing bonds provided two-thirds of the voters of such city give their assent. The ordinance here involved seeks to circumvent that section and place upon those engaged in one occupation the entire burden of building a city hall. It is clearly invalid.

The court taxed the costs one-half against appellants and one-half against the City of Keytesville. This was equitable and just and authorized by Section 1135 Mo. R.S.A. 1939. The costs of this appeal should be, and are, taxed on the same basis.

The judgment, except as to costs, is reversed. All concur.