**Zoretta SCHOONOVER, et al., Respondents,**

v.

**Charles LAMPE, et al., Appellants.**

No. 48387.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied Jan. 15, 1985.

---

David L. Baylard, Kenneth B. Dopuch, Union, for appellants.

William W. Eckelkamp, Washington, for respondents.

CLEMENS, Senior Judge.

Plaintiffs prevailed in this declaratory judgment action and defendants have appealed.

Plaintiff-respondents are owners of eleven unimproved lots in Lake St. Claire subdivision, composed of 1,350 lots on which only 83 homes have been built. On these 83 developed lots the owners have installed private septic tanks. The subdivision adjoins but is not part of the city of St. Claire.

Defendant-appellants are members of the board of supervisors of the St. Claire Sewer District of Franklin County. The defendant board enacted an ordinance designed to finance installation of an overall sewage system to be connected in the future to the St. Claire city system. This would require taxing each lot owner from $30 to $60 a lot; in five years this would produce about $405,000. The district would then become eligible for a $500,000

state grant to complete the estimated $900,000 overall cost.

At the end of testimony the circuit court entered judgment for plaintiff lot owners, ruling that defendants' proposed ordinance seeking to impose fees on lot owners was beyond statutory provisions.

The trial court's denial of defendant's proposed tax levy is well-founded. In *Adams v. City of St. Louis*, 563 S.W.2d 771[1] (Mo. banc) the court held a tax measure is to be construed in favor of the taxpayer. In *Shively v. City of Keytesville*, 241 Mo. App. 239, 238 S.W.2d 682[3–5] (1951) the court held that municipalities may levy taxes only in the manner granted by the statute and such a grant "must be evident and unmistakable, and all doubts will be resolved against its exercise, and in favor of the taxpayer."

So considered, we uphold the trial court's decree that the defendant's proposed tax is invalid and unenforceable.

Affirmed.

STEWART, P.J., and CRANDALL, J., concur.