JAMES A. OWEN AND AGNES J. OWEN, HIS WIFE, Respondents, *v.* ERASTUS D. FORD, ABBIE N. FORD, AGNES G. CARGILL AND JOSEPH C. HULL, Appellants.

1. *Injunction will not lie for past injuries.*—For past injuries or trespasses the only remedy is by an action at law for compensation in damages. In such case injunction furnishes no relief. It is resorted to and applied only where an injury to real or personal property is threatened; and to prevent the doing of a legal wrong when an adequate remedy cannot be afforded by an action for damages.

*Appeal from Buchanan Court of Common Pleas.*

*M. L. Harrington,* for appellants, cited Reubins v. Joel, 13 N. Y. 488.

*Ensworth & Hill,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs filed their petition praying for a perpetual injunction to restrain the defendants from committing waste on certain premises in which they had an interest, and also asking for damages on account of certain timber cut and carried away. The court, upon the hearing of the cause, assessed damages for the plaintiff, and decreed a perpetual injunction.

Two points are relied on for a reversal of the judgment: first, that the defendants were entitled to a jury in the matter of the assessment of damages, which was denied them by the court; and, secondly, that the petition did not state facts sufficient to authorize the granting of an injunction. It is not denied by the counsel for the plaintiffs that the defendants were legally entitled to a jury trial upon the question of damages, but it is contended that they waived that right. As to whether they waived their right and agreed to abide by a trial before the court, the record is involved in doubt.

The court seems to have been of the opinion that, because one branch of the petition was on the equity side of the jurisdiction, that carried with it that part which was purely legal. Accordingly we find this entry in the record: " The court having

Owen et al. v. Ford et al.

previously decided that the writ herein is a suit in chancery, the same is submitted to the court, defendants at the time objecting." This entry shows that the defendants objected to the trial proceeding before the court. At the next term of the court the record contains the following: "This cause having been under advisement by the court since the last term thereof, at which time the evidence herein was fully heard and the cause submitted to the court by agreement, without the intervention of a jury, the court find," etc. But the bill of exceptions made up by the parties and signed by the court states "that upon the trial of the above entitled cause, the court decided that the suit was a suit in equity, and refused to have a jury impaneled to try the same, to which ruling of the court in refusing to impanel a jury in the cause, and holding that this was a suit in equity where no jury was necessary, the defendants at the time excepted." The record shows that in the first place the defendants specifically objected to the ruling of the court in refusing them a jury, and the bill of exceptions confirms the fact that exception was taken thereto at the proper time. I am inclined to think that the statement in the record, that the cause was tried before the court by agreement, is a clerical error, and that no such agreement was ever made. The next question is whether the petition stated any facts or contained any allegation which would justify a court in granting an injunction. The petition charged that injury to the property had already been done, but there was no averment that any future injury was anticipated or threatened. For past injuries or trespasses the only remedy is an action at law for compensation in damages. Injunction furnishes no relief. It is resorted to and applied only where an injury to real or personal property is threatened, and to prevent the doing of a legal wrong where an adequate remedy cannot be afforded by an action for damages. The petition failed to show any cause whatever which would justify or authorize an injunction, and the result is that the judgment must be reversed and the cause remanded. Judge Bliss concurs. Judge Adams absent.