THOMAS A. CORKEN ET AL., DEFENDANTS IN ERROR, v. JOSEPH T. WORKMAN ET AL., PLAINTIFFS IN ERROR.—98 S. W. (2d) 153.

Kansas City Court of Appeals.   November 9, 1936.

*Livengood & Weightman* and *A. F. Harvey* for defendant in error.

*Culver, Phillip, Kaufman & Smith* for plaintiff in error.

REYNOLDS, J.—On April 27, 1936, the plaintiffs in error filed in this court their application for a writ of error directed to the Circuit Court of Andrew County, requiring that a transcript of all of the proceedings lately thereon had in said court in a cause therein heard, wherein Thomas A. Corken and Annice Corken were the plaintiffs and Joseph T. Workman, Lulu W. Staples, and William G. Sawyers, trustee, were the defendants, be transmitted to this court for review and for the correction of errors therein and in the judgment.

On such date, the application was granted; and a writ of error was ordered and issued upon due notice to the defendants in error, in compliance with which a complete transcript of the record in said cause, including the judgment, duly certified by the clerk of the Andrew County Circuit Court, has been filed in this court.

It appears from the said record that, on September 13, 1933, the defendants in error herein, as plaintiffs, filed in the Circuit Court of Nodaway County their certain petition in equity against the plaintiffs in error herein, as defendants therein, by which they sought to enjoin and restrain the plaintiffs in error from proceeding with the sale of certain real estate fully described in said petition under certain deeds of trust theretofore executed by them to plaintiffs in error by which said real estate was conveyed in trust to plaintiff in error William G. Sawyers as trustee with power of sale upon default in payment to secure the payment of three certain promissory notes, executed by them contemporaneously with said deeds of trust, one of which was for $10,000 made payable to Joseph T. Workman and two of which were for $11,000 made payable to Lulu W. Staples, each of said notes bearing date of March 1, 1928, and each coming due March 1, 1933. It further appears that none of said notes were paid upon the due date thereof, according to the terms expressed upon the face of each, but that default was made upon such due date in the payment of each of said notes. It appears that, thereafter, the holders of said notes demanded of the trustee, William G. Sawyers, one of the plaintiffs in error herein, that he advertise for sale the real estate described in said deeds of trust securing the payment of said notes, according to the terms of said deeds of trust, and sell the same or as much thereof as might be necessary for the purposes of paying said notes and that said trustee did advertise said real estate for sale on September 16, 1933, in compliance with the provisions of the said deeds of trust, and was threatening to and was ready to proceed with the foreclosure of said deeds of trust and the sale of said real estate thereunder on said date.

The defendants in error complained in their petition that the time for the payment of said notes by agreement with the holders thereof or their agents duly authorized had, upon a valuable con-

sideration, been extended beyond the due date thereof as expressed on the faces of said notes to March 1, 1934, and sought by their petition to restrain the plaintiffs in error herein from the sale of said real estate on the date for which said sale had been advertised (to-wit, September 16, 1933) and from the sale thereof on any other date until the further orders of the court.

On September 14, 1933, the petition being presented to the judge of the Circuit Court of Nodaway County in vacation, a temporary injunction or restraining order was ordered by the judge of said court in vacation conditioned on defendants in error giving and filing a bond for $2500 restraining the foreclosure under said deeds of trust and the sale of said real estate thereunder on the date for which said sale was advertised (to-wit, September 16, 1933) and further restraining the sale thereof at any other time until the further orders of the court, which bond was executed by defendants in error and approved by the judge and filed by defendants. in error with the clerk of the court. The temporary injunction thereupon becoming effective, the plaintiffs in error stopped the sale on the date for which it was advertised and thereafter refrained from any further attempt to sell said lands in compliance with the terms of said temporary injunction.

It appears that, on October 2, 1933, the plaintiffs in error filed their demurrer to the petition of the defendants in error in the Nodaway County Circuit Court.

On October 29, 1933, an order was made in the Nodaway County Circuit Court in said cause transferring the venue thereof to the Circuit Court of Andrew County; and all further proceedings in said cause were had in the Circuit Court of Andrew County.

On February 22, 1934, the Circuit Court of Andrew County, pursuant to the stipulation of the parties filed therein, entered an order modifying the original injunction or restraining order so as to restrain plaintiffs in error from foreclosing the deeds of trust mentioned in the original restraining order until March 1, 1934.

The cause was reached for final hearing in the Andrew County Circuit Court on May 31, 1936. On that date, the demurrer of the plaintiffs in error to the petition was overruled, after which the plaintiffs in error filed answer which, after admitting the execution of the notes and the deeds of trust mentioned in the petition by the defendants in error, set up that the plaintiff in error Lulu W. Staples was, at the time of their delivery and at all times mentioned, the owner of said notes and that the deeds of trust covered the lands described in the petition and set up that said notes were due and unpaid and made denial of each and every other allegation of the petition. The cause thereafter on said date was finally heard upon the merits. Upon such hearing, the defendants in error introduced their evidence tending to sustain the allegations of the peti-

tion; and, the cause being submitted to the court for its decision, the court found the issues for the defendants in error and found that the temporary restraining order had been rightfully granted in said cause and that defendants in error were entitled to have the same made permanent until March 1, 1934, and ordered and decreed that said temporary restraining order be made permanent and that plaintiffs in error be permanently enjoined and restrained from foreclosing said deeds of trust or selling lands described therein thereunder before March 1, 1934, and that defendants in error have and recover their costs expended and have execution therefor.

After an unsuccessful motion for a new trial, the plaintiffs in error sued out an appeal from said judgment to this court, which appeal, on April 17, 1936, was, upon the motion of the plaintiffs in error, dismissed.

From the view we take of the final disposition necessary to be made of this case, it is unnecessary to make a more extended statement of the facts involved.

Upon the oral argument in this court, when this cause was reached for hearing, it was agreed by the respective counsel for the plaintiffs in error and the defendants in error that, at the time of the final hearing and the decree in the court below, the issues involved in this cause were moot and, at the time this cause was reached for hearing in this court and for argument of counsel, the issues were moot and that there was no live issue in the cause involving a legal right of either of the parties for determination by this court. It was admitted that the temporary injunction had accomplished its purpose and had expired by its own terms on March 1, 1934, and that no injunction was in force to be dissolved or continued when the cause was heard on May 31, 1935, in the court below or when the cause was reached for hearing in this court on October 6, 1936.

The only points of difference between counsel related to the disposition of this cause to be made by this court by reason of the questions involved being moot. The plaintiffs in error insisted that the only course to be pursued was for this court to reverse the judgment of the court below and remand the same with directions to dismiss the same while the defendants in error insisted that the only course open to this court was to dismiss the appeal. The matter was thus submitted to this court by both parties on the theory that the cause was wholly moot and that there was nothing in the merits of the case involving the legal right of either party to be determined by this court.

It is well-settled law that courts will not entertain an action or proceeding merely for the purpose of passing on a moot question or on an abstract proposition. Courts are confined in their judicial action to real controversies wherein the legal rights of parties are

necessarily involved and can be determined; and something further is sought than the mere declaration of a right. [1 C. J., p. 973, art. 68; Fugel v. Becker (Mo.), 2 S. W. (2d) 743, l. c. 746.]

Courts are confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be conclusively determined. [1 R. C. L. 317; Fugel v. Becker, supra, l. c. 746.]

In 3 C. J. 357, the following rule is laid down: It may be stated as a well-settled and general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction. In the absence of such a controversy, the appeal or the writ of error will be dismissed or the cause will be remanded with directions to vacate the judgment. This rule is approvingly quoted by the Supreme Court in the case of Fugel v. Becker, supra, l. c. 746.

3 Corpus Juris, pages 358 and 359, further amplifies the rule as follows: It is not within the province of appellate courts to decide abstract, hypothetical questions "disconnected from the granting of actual relief, or from the determination of which no practical relief can follow." [Fugel v. Becker, supra, l. c. 746.]

Lapse of time, as in this cause, may create a condition which may cause a controversy involved in a case to become a mere moot question. [3 C. J., 364; Fugel v. Becker, supra, l. c. 746.]

Thus, in this case, the question of the right of defendants in error to have the temporary injunction obtained by them in the court below made permanent or of their right to have a permanent injunction against plaintiffs in error to restrain them from making a sale of the real estate under the deeds of trust in question prior to March 1, 1934, had become a mere moot question by lapse of time before the cause was heard and final judgment entered by the trial court on May 31, 1935. That court should have dismissed the case instead of retaining further jurisdiction and undertaking to enter final judgment. The question was moot at that time.

An injunction cannot be made to afford a remedy for what is past but can be made only to afford a remedy to prevent future mischief. Rights already lost and wrongs already perpetrated cannot be corrected by injunction. [32 C. J., 45; 1 High on Injunctions (4 Ed.), art. 23; 14 R. C. L., art. 7, p. 309; Owen v. Ford, 49 Mo. 436; Carlin v. Wolff, 154 Mo. 539, 51 S. W. 679; Davis v. Hartwig, 195 Mo. 380, 94 S. W. 507; Fugel v. Becker, supra.]

Where the act sought to be enjoined has already been committed, equity will not interfere since the granting of an injunction under such circumstances would be a useless act. [Authorities last above cited.]

Not only was the question of the right of defendants in error to have the temporary injunction obtained by them in the court below made permanent or of their right to have a permanent in-

junction against plaintiffs in error to restrain them from making a sale of the real estate under the deeds of trust in question prior to March 1, 1934, a moot question at the time the cause was heard and final judgment entered by the trial court on May 31, 1935, but it was a moot question at the time the cause was reached for hearing in this court. There is, therefore, no legal right of the parties involved for this court to determine.

The judgment of the court below is reversed, and the cause is remanded to the trial court with directions to dismiss the cause. All concur.