The LAWYERS' ASSOCIATION OF ST. LOUIS, a corporation, George W. Curran and Richard M. Stout, Appellants,

v.

The CITY OF ST. LOUIS, Respondent.

No. 29585.

St. Louis Court of Appeals. Missouri.

Sept. 18, 1956.

Motion for Rehearing or for Transfer to Supreme Court Denied and Opinion Modified Nov. 13, 1956.

Joyce I. Pueser, Richard M. Stout, St. Louis, for appellants.

James V. Frank, Acting City Counselor, Charles J. Dolan, Associate City Counselor, St. Louis, for respondent.

ELMO B. HUNTER, Special Judge.

This is a suit for declaratory judgment to determine the applicability of the St. Louis City Earnings Tax Ordinance No. 46,222 to the income of lawyers. The three plaintiffs are The Lawyers' Association of St. Louis, a pro forma decree corporation, whose membership consists of approximately 375 attorneys practicing in St. Louis City, and two individual attorneys, George W. Curran, who resides in and practices law in the City of St. Louis, and Richard M. Stout, who resides in St. Louis County, but practices law in the City of St. Louis. Defendant, the City of St. Louis, is a municipal corporation of the State of Missouri.

Defendant City acting under claimed authority of a statutory enabling act, Sec. 92.110, V.A.M.S., on August 28, 1952, enacted its Ordinance No. 46,222, which, by its terms, levied and imposed an earnings tax for general revenue purposes of one-half of one percent on salaries, wages, commissions, and other compensation earned after August 31, 1952, by residents of the City of St. Louis, or earned by non-residents of the City of St. Louis, for work done or services performed or rendered in the City. This ordinance expired April 1, 1954.

On April 6, 1953, the present action commenced with the filing of plaintiffs' petition in the Circuit Court of the City of St. Louis. In it, as amended, plaintiffs allege that the profession of lawyers does not constitute the carrying on of an ordinary business and is not within the provisions of the enabling statute, and that there is in full force and effect a statute which prohibits a municipal corporation from imposing a license tax upon any business avocation, pursuit or calling, unless it is specifically named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute. Sec. 71.610, V.A.M.S. Plaintiffs also contend that the City of St. Louis is without the right or power to assess the earnings tax against lawyers in view of another statute which provides that "no person following for a livelihood the profession or calling of minister of the gospel, teacher, professor in a college, priest, lawyer or doctor of medicine in this state, shall be taxed or made liable to pay any municipal or other corporation tax or license fee of any description whatever for the privilege of following or carrying on such profession or calling, any law, ordinance or charter to the contrary notwithstanding." Sec. 71.620, V.A.M.S. Plaintiffs pray the judgment of the Court that Ordinance No. 46,222 insofar

as it purports to tax the professional earnings of attorneys residing either outside or inside the city limits of the City of St. Louis for professional services is beyond the power and authority of the City to enact. A copy of Ordinance No. 46,222 was attached to plaintiffs' amended petition as an exhibit and made a part thereof.

Defendant City in its answer, among other things, admitted the existence of the pleaded Ordinance No. 46,222 and the pleaded statutes; denied that it was without power and authority to enact the ordinance and to impose and collect the tax on the earnings of attorneys; alleged it is levying and intends to continue to levy the earnings tax on the earnings of attorneys and other professional men mentioned in Sec. 71.620, V.A.M.S.; denied the tax is a license fee or license tax; asserted it is a general revenue tax not related to any privilege or license whatsoever; and prayed the Court to declare Ordinance No. 46,222 insofar as it affects plaintiffs, including the members of the Lawyers' Association and others similarly situated, to be a valid ordinance. At the time defendant's answer was filed, it also filed its motion for judgment on the ground the petition failed to state a claim upon which relief can be granted. Thereafter, plaintiffs filed their motion for judgment on the pleadings, alleging there was no fact dispute, and that defendant's answer failed to state facts which would constitute a defense in law.

On June 24, 1955, the cause was argued and submitted to the trial Court. On July 29, 1955, the trial Court dismissed plaintiffs' cause, declaring that the case was moot in view of the fact that the enabling statute was limited by its own terms so that it expired April 1, 1954, and that Ordinance No. 46,222 by law expired on the same date. On September 7, 1955, plaintiffs filed their notice of appeal to the Supreme Court. After receipt of defendant's motion suggesting that the Court lacked jurisdiction of the appeal, the Supreme Court, on March 22, 1956, transferred the appeal to this Court.

At the time this cause was argued on appeal in this Court, counsel for both plaintiffs and defendant urged this Court to consider the case as one presenting a vital existing controversy, which, because of the high public interest therein, should be determined by this Court, thereafter, with leave of this Court, they filed their written stipulation as follows:

"Come now the parties to the above entitled cause and agree and stipulate that the Court in considering the issues presented therein may take into consideration the following facts:

"1. That Ordinance No. 46222 of the City of St. Louis, being the ordinance and interpretation of which is in issue in this cause, ceased to be effective on April 1, 1954.

"2. That thereafter the City of St. Louis, Defendant-Respondent herein, passed an ordinance known as Ordinance No. 47063 which was approved by the Mayor of the said City on April 28, 1954, becoming effective on the same day.

"3. That the provisions of the said Ordinance No. 47063 are identical with the provisions of Ordinance No. 46222 except with regard to the effective date of Ordinance No. 47063 which is April 28, 1954, whereas the effective date of Ordinance No. 46222 was August 28, 1952.

"4. That during the period intervening between the expiration of Ordinance No. 46222 and the going into effect of Ordinance No. 47063, that is to say between April 1, 1954, and April 28, 1954, there was no ordinance levying a tax on earnings in the City of St. Louis.

"5. That Ordinance No. 47063 was passed pursuant to an enabling act of the Missouri legislature, which act appears as Chapter 92 of the Cumulative Supplement of 1955 to the Revised Statutes of Missouri [V.A.M.S.], said

act being identical with the previous enabling act except for the final section, 92.200, which is not relevant here.

"6. That, except for the said intermission, Ordinance No. 47063 may be regarded as a continuation of Ordinance No. 46222 and a determination of the question of the applicability of Ordinance No. 46222 to the persons designated in Section 71.620, Revised Statutes of Missouri, 1949, will be equivalent to determination of the same question with regard to Ordinance No. 47063.

"7. That widespread publicity was given to the intention of the Lawyers' Association of St. Louis, one of the plaintiffs herein, to bring a test suit to determine this question and that in consequence of said publicity a considerable number of the members of the professions named in Section 71.620 R.S.Mo.1949 [V.A.M.S.], as not being subject to license taxes have failed to file with the Collector of Revenue of the City of St. Louis a return of earnings as required by Section 5 of said Ordinance No. 46222.

"8. That many suits have been filed in the magistrate courts of the City of St. Louis for the collection of delinquent taxes due under Ordinance No. 46222, some of which are still pending, and that the Collector of Revenue will continue to file such suits as long as any delinquent taxes remain unpaid until such suits shall be barred by the Statute of Limitations.

"9. That an adjudication of the applicability of Ordinance No. 46222 to members of the professions designated in Section 71.620 of the Revised Statutes of Missouri, 1949 [V.A.M.S.], will be for all purposes accepted as equivalent to the determination of the same question with reference to Ordinance No. 47063

"10. That until the said question shall have been finally determined doubt will continue to prevail regarding the applicability of the present earnings tax ordinance to members of the said professions.

"11. That neither of the individual plaintiffs in said cause has made return of his earnings as required by Ordinance No. 46222 and that each of them is liable to be sued under said ordinance."

It is a well established general rule that courts will not act upon and decide a moot question or give a purely advisory opinion. The existence of an actual controversy between the parties is an essential requisite. Fugel v. Becker, Mo.Sup., 2 S.W. 2d 743; Tietjens v. City of St. Louis (en Banc) 359 Mo. 439, 222 S.W.2d 70; Dolan v. Richardson, Mo.App., 181 S.W.2d 997; Corken v. Workman, 231 Mo.App. 121, 98 S.W.2d 153; Personal Finance Co. of Missouri v. Day, 349 Mo. 1139, 164 S.W.2d 273; 1 C.J.S., Actions, § 17; 14 Am.Jur., Courts, Sec. 49. As expressed in Preisler v. Doherty (en Banc), 364 Mo. 596, 265 S.W.2d 404, loc. cit. 407: "A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy." Further, a case originally presenting an existing controversy may become moot by causes occurring after the commencement of the action. Again, the established rule is that such a case or question which has become moot ordinarily will not be considered by the Court unless it is one of great public importance, as where it involves a determination of public rights or interests under conditions that may in substance be repeated at any time. 1 C.J.S., Actions, § 17; Burke v. Coleman, 356 Mo. 594, 202 S.W.2d 809; State ex rel. Donnell v. Searcy (en Banc) 347 Mo. 1052, 152 S.W.2d 8; State ex rel. Brokaw v. Board of Education of City of St. Louis, Mo.App., 171 S.W.2d 75.

At the time this suit for declaratory judgment was filed on April 6, 1953, there existed a vital controversy between the parties. It was contended by defendant City that by virtue of the expiration of the mentioned enabling statute and ordinance on April 1, 1954, the controversy had become moot. The trial judge in his memorandum opinion giving his reasons for deciding that the case had become moot mentioned that plaintiffs' brief stated that there was a newly enacted enabling statute and ordinance on the same subject matter of earnings tax, and that there may yet be litigation by way of suits to collect taxes due under the expired ordinance. The trial judge noted that none of these statements were included in the pleadings or record of the case. It is unnecessary to now determine the correctness of the trial court in its ruling on the record then before it that the case had become moot after its filing, but before it was decided, in view of the stipulation of both parties to this cause filed in this court establishing of record facts indicating a presently existing bona fide controversy between the parties. Further, we deem this cause to be one presenting questions of such public importance as to call for its determination upon the merits.

We note that Ordinance No. 46,222 has been carefully reviewed and held to be constitutional and valid by the Supreme Court of Missouri and by the Supreme Court of the United States. Walters v. City of St. Louis, 364 Mo. 56, 259 S.W.2d 377, affirmed 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660. On this appeal plaintiffs present two additional questions that go to the merits of the case.

We consider first plaintiffs' contention that the earnings tax provided by Ordinance No. 46,222 cannot be levied against the professional incomes of lawyers in view of the provisions of Sec. 71.620, V.A.M.S. They assert that this section of the statute was enacted to prohibit municipal taxation or licensing of lawyers for practicing their profession, and that the effect of the ordinance is to impose a tax upon the privilege of practicing the legal profession.

There are certain well recognized general rules governing statutory construction which we recognize and follow. In Tiger v. State Tax Commission, Mo.Sup., 277 S.W.2d 561, loc. cit. 564, they are expressed: " ' "The primary rule of construction of statutes, is to ascertain the lawmakers' intent, from the words used if possible; and to put upon the language of the Legislature, honestly and faithfully, its plain and rational meaning and to promote its object, and 'the manifest purpose of the statute, considered historically,' is properly given consideration." Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, 925; Artophone Corporation v. Coale, 345 Mo. 344, 133 S.W.2d 343. While statutes authorizing a particular tax are to be construed strictly against the taxing authority (A. J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S.W.2d 184), a tax exempting statute will be strictly construed against him who claims to be exempt under it. Mississippi River Fuel Corporation v. Smith, 350 Mo. 1, 164 S.W.2d 370.' " These same fundamentals of statutory construction, described in varying phraseology, have been followed consistently by the Appellate Courts of this state. State ex rel. Spink v. Kemp (en Banc), Mo.Sup., 283 S.W.2d 502; Kansas City v. Travelers Insurance Co., Mo.App., 284 S.W.2d 874; A. P. Green Fire Brick Co. v. Missouri State Tax Commission, Mo.Sup., 277 S.W.2d 544; American Bridge Co. v. Smith, 352 Mo. 616, 179 S.W.2d 12; Producers Produce Co. v. Industrial Commission of Missouri, Mo.App., 281 S.W.2d 619; Willis v. American National Life Insurance Co., Mo.App., 287 S.W.2d 98.

We proceed to examine plaintiffs' contention. The mentioned statutory section provides: "Hereafter no person following for a livelihood the profession or calling of minister of the gospel, teacher, professor in

a college, priest, *lawyer* or doctor of medicine in this state, shall be taxed or made liable to pay any *municipal* or other corporation tax or *license fee* of any description whatever *for the privilege of following or carrying on such profession or calling,* any law, ordinance or charter to the contrary notwithstanding." (Italics ours.) Thus, we must decide whether or not this, earnings tax ordinance places a municipal tax or license fee of any description whatever upon lawyers for the privilege of following or carrying on their legal profession.

Defendant's counsel in its brief calls attention to the background of Sec. 71.620 as being possibly enlightening as to its purpose and meaning. On September 7, 1877, the City of St. Louis enacted an ordinance prohibiting lawyers from practicing their profession within the city without first having obtained a city license therefor. On September 29, 1877, an attorney, Theodore Sternberg, was charged with having violated this ordinance, and was convicted and fined. City of St. Louis v. Sternberg, 69 Mo. 289. In the ensuing session of the General Assembly, an act on the subject was passed which now appears as Sec. 71.620, now under discussion in this case.

■ Turning to the disputed ordinance, it states that it is "an ordinance levying and imposing an earnings tax for general revenue purposes of one half of one percent on salaries, wages, commissions and other compensation earned after August 31, 1952. * * *" (Emphasis ours.) We recognize that the name, purpose, designation or character given by the legislative body to a particular tax in the statute or ordinance imposing it is not conclusive upon the Court in determining the nature or purpose of the exaction. Yet it is entitled to due weight and consideration. In the final analysis it is for the Court to determine the purpose, nature and effect of a particular tax, regardless of its apparent legislative designation. 84 C.J.S., Taxation, § 1; 51 Am.Jur., Taxation, Sec. 28; Carter Carburetor Corporation v. City of St. Louis, 356 Mo. 646, 203 S.W.2d 438; Cummins v. Kansas City

Public Service Co. (en Banc) 334 Mo. 672, 66 S.W.2d 920.

■ Careful examination of the disputed ordinance with these prior mentioned factors and principles of statutory construction in mind reveals that the earnings tax specified therein is not a tax imposed for the privilege of the taxpayer to engage in or practice the particular business or profession, the amount measured by the earnings, receipts or income. The ordinance does not provide for the granting or withholding of a license or privilege to engage in a particular business or profession conditioned on the payment of the earnings tax. It does not provide any penalty for engaging in any occupation or profession without payment of the tax. It is essentially a revenue measure devoid of any element of licensing or regulation of privilege of engaging in any business or profession. Certainly it was not the intention of the state legislature in enacting the Sec. 71.620 to relieve the named avocations and professions from all taxation. We conclude that the earnings tax imposed by the ordinance is not a municipal tax or license of any description whatever for the privilege of practicing or carrying on such profession. It is, therefore, not within the scope of the prohibitory language of Section 71.620.

We are supported in our holding by language in the En Banc opinion in Carter Carburetor Corporation v. City of St. Louis, supra, wherein the Supreme Court reviewed the first of St. Louis City's earnings tax ordinances which unsuccessfully sought to impose a tax of ¼ percent for general revenue purposes on gross salaries, wages, commissions and other compensation earned on and after July 31, 1946. In discussing the nature of the earnings tax provided for, the opinion stated, 203 S.W.2d loc. cit. 440: "The tax obviously is not a license tax under the police power, for the ordinance is not in any sense regulatory, and the tax is imposed expressly 'for general revenue purposes.' Appellants also say it is not a use tax or an excise tax, but just a 'tax'. We

do not agree. In our opinion it is a species of income or excise tax. However, it is limited to earnings from work and services, and does not include other kinds of income such as interest on investments, rents, dividends, capital gains and the like." In Walters v. City of St. Louis (en Banc), supra, 259 S.W.2d loc. cit. 380, the financial need and distress of defendant City as it existed at the time of the enactment of this ordinance is disclosed, impliedly tending to refute any purpose of the ordinance other than to raise needed revenue. It is significant that the Supreme Court in that case in examining the nature of the earnings tax did not ascribe to it any feature of licensing or imposition of tax for the privilege of carrying on any profession.

▮ Plaintiffs' remaining contention is that Sec. 71.610 of the statutes prevents the application of the earnings tax to the earnings of lawyers. That section of the statute provides: "71.610. Imposition of tax on business, when. No municipal corporation in this state shall have the power to impose a *license tax* upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, *or unless such power be conferred by statute.*" (Italics ours.)

As previously stated in this opinion, we do not believe that the St. Louis City Ordinance No. 46,222 imposes a license tax upon any business avocation, pursuit or calling. It, therefore, is not within the prohibition of Section 71.610, V.A.M.S. We proceed to discuss a further implication of the question raised by plaintiffs, namely, whether or not the power to impose the earnings tax on the professional earnings of lawyers is conferred upon the City of St. Louis by the enabling statute. Admittedly, unless the enabling statute does confer this authority, defendant City is without power to enact an earnings tax ordinance taxing the professional earnings of lawyers. Art. X, Sec. 1, Const.Mo.1945, V.A.M.S.; Carter Carburetor Corporation v. City of St. Louis,

supra; State ex rel. Curators of University of Mo. v. McReynolds, 354 Mo. 1199, 193 S.W.2d 611; Holland Furnace Co. v. City of Chaffee, Mo.App., 279 S.W.2d 63; Moots v. City of Trenton, 358 Mo. 273, 214 S.W.2d 31; Siemens v. Shreeve, 317 Mo. 736, 296 S.W. 415; Shively v. City of Keytesville, 241 Mo.App. 239, 238 S.W.2d 682; Dillon, Municipal Corporations (1911) Sec. 237; 6 McQuillan, Municipal Corporations (2d. Ed.) Sec. 2523.

Sec. 92.110, V.A.M.S., which is the section of the Enabling Act permitting the earnings tax, authorizes the levy: "On the salaries, wages, commissions and other compensation earned by its residents; on the salaries, wages, commissions and other compensation earned by nonresidents of the city for work done or services performed or rendered in the city; * * *." The plain and rational meaning of this section of the statute does confer upon defendant City the power to impose the earnings tax on the professional earnings of lawyers. A fee for professional legal services (performed by St. Louis City residents) is clearly within the plain meaning of the words "other compensation earned". A fee for professional services (performed in St. Louis City by nonresidents of St. Louis City) is likewise clearly within the plain meaning of the words "other compensation earned by nonresidents of the city for work done or services performed or rendered in the city". Likewise, the salary or commission of such attorneys is within the plain meaning of the language of the Enabling Act. For support of this holding, we again refer to the language in the opinion in *Carter Carburetor Corporation v. City of St. Louis,* supra, 203 S.W.2d loc. cit. 440, wherein the Supreme Court set out the provisions of Section 2(a) and 2(b) of the St. Louis City Earnings Tax Ordinance then before it: "(a) The gross salaries, wages, commissions and other compensation earned by residents of the City of St. Louis; (b) The gross salaries, wages, commissions and other compensation earned by non-residents of the City of St. Louis, for

work done or services performed or rendered in the City of St. Louis". The Court then stated: "Clauses (a) and (b) cover any worker for compensation, *including the professions*. An actor, architect, artist, dentist, engineer, journalist, *lawyer*, physician or surgeon, for instance, though residing outside the City, State or Nation, would be taxed on any work or services he had performed in the City * * *." (Italics ours.) We note the ordinance before the Supreme Court in the Carter Carburetor Corporation case contained the identical pertinent language of the Enabling Act before us, and we likewise believe its plain and rational meaning is such as to include the professions, including lawyers and their earned income for their professional services.

We conclude and declare (1) That the earnings tax imposed by the Ordinance No. 46,222 is not a municipal tax or license of any description whatever for the privilege of practicing or carrying on the legal profession and is not within the scope of the prohibitory language of Sec. 71.620; and (2) That earnings tax Ordinance No. 46,222 as it applies to the earned income of lawyers is authorized by statute. In justice to the learned trial judge we note that he indicated that but for his conclusion that the case had become moot he would have ruled in accordance with our views expressed on the merits of the case.

██ We also agree with the learned trial judge that the Lawyers' Association of St. Louis is not a proper party plaintiff in this action. It is admittedly a corporation, and, as such, its rights and privileges have not been invaded or threatened by defendant. No matter how solicitous it may be of the rights of its members it cannot by reason of its desire to help them sue in its own name to enforce their rights. It is, therefore, not a real party in interest and is not entitled to avail itself of the Declaratory Judgment Act to secure a construction of the applicable legislative enactments. Contracting Plumbers Association of St. Louis v. City of St. Louis, Mo. App., 249 S.W.2d 502; State ex inf. Wallach ex rel. Missouri Optometric Ass'n v. Schneider's Credit Jewelers, Inc., Mo.App., 243 S.W.2d 125, loc. cit. 128; Missouri Veterinary Medical Ass'n v. Glisan, Mo. App., 230 S.W.2d 169.

The judgment appealed from is reversed, and the rights of the parties hereto are declared as herein stated. It is so ordered.

ANDERSON, P. J., and MATTHES, J., concur.