**Pamela J. TRAMMELL,
Employee/Appellant,**

v.

**S & K INDUSTRIES, INC.,
Employer/Respondent,**

**Commercial Union Insurance Company,
Insurer/Respondent.**

**No. WD 42044.**

Missouri Court of Appeals,
Western District.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1990.

Application to Transfer Denied
March 13, 1990.

John B. Boyd, Frank D. Eppright, Jerry Kenter, Kansas City, for employee/appellant.

Brian J. Fowler, Kansas City, for employer/respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

KENNEDY, Judge.

Pamela J. Trammell's claim for workers' compensation was denied by the Industrial Relations Commission and claimant has appealed.

Claimant claimed to have injured her back on November 16, 1987, while lifting a pallet in the course of her employment with S & K Industries, Inc. She testified that she told her co-worker about the injury at the time it happened, and that she reported it to her supervisor within 30 minutes thereafter. She said also she missed work the next day, November 17. "I called in, my daughter was sick and I called in and told them that my daughter was sick and that my back was bothering me and I was going to stay home...." On the 18th, she came to work but left early when her supervisor excused anyone who wanted to go home because the work was slow. Claimant testified she told him "that my daughter was still not feeling very good and my back was bothering me...."

There was on the other side testimony contradicting claimant's testimony that she had complained about her back to any of her co-workers or to her supervisor.

November 18th was the last day claimant worked. She was first suspended and then on November 25 was discharged for absenteeism.

Sometime after this termination she called S & K to say her back was still bothering her and she needed to go to the doctor. An employee of S & K set up an appointment with Dr. Qadir, a physician in Lexington, Missouri. Claimant saw Dr. Qadir on December 22 or December 23. Dr. Qadir referred her to orthopedist Dr. Hummel.

Claimant in the meantime had filed her claim for compensation on December 15, 1987.

■ It was claimant's burden of proof to show she sustained injury by an accident arising out of and in the course of her employment. *Barnes v. Ford Motor Co.,* 708 S.W.2d 198, 199 (Mo.App.1986); *Garrett v. Industrial Commission,* 600 S.W.2d 516, 518 (Mo.App.1980); *Vickery v. ACF Industries, Inc.,* 454 S.W.2d 620, 622 (Mo. App.1970). The Commission under the evidence could believe that she made no report or complaint of any accidental injury at or near the time of the alleged event, and could—as it did—reject the testimony of claimant that such an accidental injury occurred. *Page v. Green,* 686 S.W.2d 528, 530 (Mo.App.1985); *Petersen v. Central Pattern Co.,* 562 S.W.2d 153, 156 (Mo.App. 1978). Claimant's argument that the award was not supported by competent and substantial evidence is denied.

■ Claimant says the administrative law judge erred in refusing to strike employer-insurer's answer on claimant's motion because employer had not timely filed the report of injury required by section 287.380.1, RSMo 1986. This section requires the employer to "notify" the Division of Workers' Compensation of any personal injury accident within ten days after knowledge thereof, and within another month to file a more detailed report of the injury. S & K filed no injury report until after the hearing before the administrative law judge.

There are sanctions for the employer's failure to file such report of injury in the appropriate case. Such failure is punishable as a criminal offense, section 287.380.4, RSMo 1986, and it extends the statute of limitations from two years to three years from the date of injury, section 287.430, RSMo 1986. The striking of the employer-insurer's answer is not one of the statutory sanctions, and section 287.650, RSMo 1986, cited by claimant, does not make it so. Section 287.650 empowers (but does not require) the Commission to strike pleadings and enter awards against any party for that party's failure or refusal to comply with the Commission's "lawful orders". The filing of the report of injury was not required by an order of the Commission, but by statutory section 287.380, RSMo 1986. Section 287.650 has no application.

The report of injury serves to notify the Division of the compensable injury, and sets in motion the Division's administrative machinery which more often than not results in prompt disposition of an injured worker's claim without his filing a formal claim for compensation. *See* section 287.-400, RSMo 1986; section 287.450, RSMo 1986; section 287.460, RSMo 1986; Mo. Code Regs. tit. 8, § 50–2.010 (1988). In this case, the Division had received notice of injury by way of claimant's claim for compensation before, or at least within 10 days after the employer, according to its evidence, knew claimant was claiming an accidental injury to her back. The filing of the report at that time would have been only an empty formality. The administrative law judge did not err in refusing to strike employer-insurer's answer.

■ Claimant's final argument is that the employer-insurer is estopped to deny claimant's claim because it furnished medical treatment to claimant.

As earlier noted, the employer at claimant's request arranged an appointment for claimant with Dr. Qadir. Claimant's request for medical treatment and the medical treatment by Dr. Qadir and by Dr. Hummel all were after claimant's discharge and even after her filing her claim for compensation. The furnishing of medical treatment to claimant in these circumstances did not estop the employer-insurer from denying claimant's claim. In a case cited by the claimant, *White v. Smith,* 440 S.W.2d 497, 503 (Mo.App.1969), the court said that the following elements must appear in order to constitute estoppel in pais:

First, an admission, statement or act [conduct] inconsistent with the claim afterwards asserted and sued on;

[S]econd, action by the other party on the faith of such admission, statement or act; and

[T]hird, injury to such other party, resulting from allowing the first party to contradict or repudiate such admission, statement or act.

**212**

The furnishing of medical treatment does not constitute an admission that the condition for which treatment was provided resulted from a compensable accident, and is not inconsistent with a later denial of worker's compensation liability. A. Larson, 2B *Larson's Workmen's Compensation Law* § 79.43 (1989). To hold that the furnishing of medical services estops the employer-insurer would discourage employer-insurer's prompt voluntary furnishing of medical services in doubtful cases. The employer-insurer should be encouraged in this and not penalized for it.

Appellant's claim of estoppel is rejected.

The award of the Labor and Industrial Relations Commission is affirmed.

All concur.