Gail MING, Respondent,

v.

GENERAL MOTORS CORPORATION,
Appellant.

No. ED 82930.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 3, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 22, 2004.

Application for Transfer Denied
April 27, 2004.

Peter Chung, St. Louis, MO, for appellant.

Rand Hale, Granite City, IL, for respondent.

### OPINION

GLENN A. NORTON, Presiding Judge.

General Motors Corporation appeals the Labor and Industrial Relations Commission's finding of liability for Gail Ming's work injury. We reverse.

### I. BACKGROUND

Ming was injured on January 29, 1993 when a filing cabinet at the GM plant fell over onto her. At the time, Ming was employed by Norfolk and Western Railway Company and worked at the GM plant. On the date of the injury, Ming reported the incident to the railroad and to GM. Norfolk paid for certain medical attention; GM did not provide any medical benefits and did not file a report of injury as required by section 287.380 RSMo 2000.[1]

Ming filed a Federal Employers' Liability Act claim against Norfolk in 1993 and amended the petition to add a negligence claim against GM in 1995. In 1996, Norfolk was granted summary judgment on the claim against it, and Ming voluntarily dismissed the case against GM. *See Ming v. Norfolk & Western Railway Co.*, 947 S.W.2d 480 (Mo.App. E.D.1997) (affirming summary judgment). On September 24, 1997, Ming filed another negligence suit against GM. That case was dismissed on January 29, 1999 on the grounds that Ming was a statutory employee of GM under Missouri's workers' compensation law. *Ming v. General Motors Corp.*, 81 F.Supp.2d 956 (E.D.Mo.1999), *aff'd* 195 F.3d 342 (8th Cir. Nov.1, 1999). On October 29, 1999, Ming filed this workers' compensation claim against GM.

The ALJ found that in the absence of a timely filed report of injury, Ming had "three years from the date of injury in which to toll the statute by filing a suit in a court with the requisite jurisdiction for damages for bodily injury" under sections 287.430 and 287.440. The ALJ found that the negligence case against GM was first filed in 1995, which was not abandoned when she voluntarily dismissed it and which, therefore, tolled the running of the

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

statute of limitations for filing the compensation claim until January 29, 1999 when the court ultimately dismissed the case. The ALJ also found that GM was a liable employer under the workers' compensation act and that Ming could recover benefits against GM directly. The ALJ did not at that time determine the benefits. The Commission affirmed and adopted the ALJ's decision. The ALJ's and the Commission's awards are denominated "temporary or partial."

## II. DISCUSSION

### A. Appellate Jurisdiction

■ Ming challenges our jurisdiction on appeal of this temporary or partial award. She admits there is case law authority for the proposition that such awards may be appealed as to the issue of liability, but argues that this is not sufficient to confer the required *statutory* jurisdiction on this Court. We disagree.

■ Appellate jurisdiction in workers' compensation cases exists only as expressly conferred by statute. *Smith v. Semo Tank & Supply Co.*, 99 S.W.3d 11, 13 (Mo.App. E.D.2002). Section 287.495 states that final awards of the commission may be appealed. Thus, generally, no appeal lies from a temporary or partial award. *Cahall v. Cahall*, 963 S.W.2d 368, 371 (Mo.App. E.D.1998), *overruled on other grounds by Hampton, infra.* But the determination of liability—even in a temporary or partial order—is a "final award" over which this Court has jurisdiction as expressly conferred by section 287.495. *See Smith v. Fabricated Metal Products*, 883 S.W.2d 537, 540 n. 3 (Mo.App. E.D. 1994), *overruled on other grounds by Hampton, infra.* Thus, our appellate courts have held that appellate review of the issue of liability in workers' compensation cases is permissible although the

award is denominated "temporary or partial." *See Marrone v. Modine Heat and Transfer*, 918 S.W.2d 315, 318 (Mo.App. S.D.1996) (collecting cases), *overruled on other grounds by Hampton, infra.* Here, only liability is at issue, and we have jurisdiction.

### B. Standard of Review

■ The Missouri constitution, article V, section 18 provides that judicial review of the Commission's award is to determine whether the award is "supported by competent and substantial evidence upon the whole record." *See Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). By statute, we "shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

Section 287.495.1. The factual findings of the Commission are conclusive and binding on us absent fraud. *Id.* The Commission's interpretations of law, however, are reviewed for correctness without deference to the Commission's judgment. *Cuba v. Jon Thomas Salons, Inc.*, 33 S.W.3d 542, 545 (Mo.App. E.D.2000), *overruled on other grounds by Hampton, supra.* We review these decisions independently, and, if we disagree with the Commission, then we may reverse because of the error of law. *Id.* at 546.

## C. Statute of Limitations

The applicable limitation period for filing a workers' compensation claim depends on whether the employer timely files a report of injury under section 287.380:

> ... [N]o proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death, except that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this chapter on account of the injury or death.

Section 287.430. Here, GM filed no report of injury and made no payments; so Ming had three years from the date of injury to file her claim. A pending lawsuit will toll the running of the limitation period in certain situations:

> Where recovery is denied to any person in a suit brought at law or in admiralty to recover damages in respect of bodily injury or death on the ground that the person was an employee and the defendant was an employer subject to and within the meaning of this chapter, ... the limitation of time prescribed in section 287.430 shall begin to run from the date of the ultimate termination or abandonment of such suit or compensation proceeding, when such suit or compensation proceedings are filed within two years after the filing by the employer of the report of injury or

> death complained of, or in case payments have been made on account of the injury or death, within two years from the date of the last payment.

Section 287.440.

The parties agree that only the second lawsuit filed against GM in 1997 is eligible to toll the statute of limitations for filing the compensation claim under this section: it was an action at law for damages resulting from bodily injury, and recovery was denied because Ming was an employee and GM an employer subject to the workers' compensation statute.[2] GM argues that it does not toll the limitation period because it was not filed within two years of the date of injury. Ming points out that section 237.440 says nothing of the date of injury; rather, it requires the suit to be filed within two years of the report of injury filed by the employer or of the date of the last payment made on the injury. Where there is no report or payment, she argues, it cannot be shown that the suit is untimely.

The primary focus of statutory construction is to ascertain the intent of the legislature and give effect to that intent considering the words used in their plain and ordinary meaning. *Lincoln County Stone Co., Inc. v. Koenig*, 21 S.W.3d 142, 146 (Mo.App. E.D.2000). To discover the legislature's intent, we examine the words used in the statute, the context in which they are used and the problem the legislature sought to address with the statute. *Id.* Thus, a statute must not be interpreted narrowly if that interpretation would defeat the purpose of the statute. *Id.* Nor should statutes be construed in a way that

---

**2.** The first suit, filed in 1995, cannot toll the claims limitations period under section 287.440 because relief was not denied in that case on the ground that Ming was an employee and GM an employer subject to the workers' compensation statute. Instead, that case

was voluntarily dismissed. The voluntary dismissal without prejudice rendered that cause of action a nullity, and "it is treated as never having been filed." *Wittman v. National Supermarkets, Inc.*, 31 S.W.3d 517, 520 (Mo.App. E.D.2000).

produces unreasonable, oppressive, or absurd results. *Id.*

■ Ming's interpretation would mean that a suit where there is no report of injury or payment can toll the limitation period no matter when the suit is filed. This interpretation is not supported by the plain language of section 287.440. That section states that where recovery is denied in a damages suit because the employer and employee are subject to the workers' compensation statute, the limitation period is tolled *"when* such suit" is filed within two years of the report or two years of the last payment. Section 287.440 (emphasis added). As it is phrased, the last clause—beginning with "when"—reads as though the tolling provisions do not apply unless the suit has been filed within a certain time of the report or the last payment. Because the last clause does not mention suits filed in cases where there has been no report or payment, it would seem to mean that the tolling provisions simply do not apply to those suits—not that those suits toll the limitation period no matter when they are filed. When a statute enumerates the subjects or things on which it operates, it is generally to be construed as excluding from its effect all those not expressly mentioned. *McNally v. St. Louis County Police Dept.*, 17 S.W.3d 614, 616 (Mo.App. E.D.2000). This, however, is an absurd, oppressive and unreasonable result because it would reward employers that violate their statutory duty to file a report by denying the claimant the benefit of the tolling provisions. This cannot be what the legislature intended. *See Trammell v. S & K Industries, Inc.*, 784 S.W.2d 209, 211 (Mo.App. W.D.1989) (noting that report of injury sets in motion Division's administrative machinery aimed at prompt disposition of injured worker's claim, sometimes without filing formal claim for compensation).

Likewise, to construe the statute the opposite way—allowing the tolling provision to apply where a suit is filed in the absence of a report or payment regardless of when that suit is filed—would be equally absurd and unreasonable. This section must be construed together with the provisions of the entire legislative act, and, if reasonably possible, all provisions must be harmonized. *Hagely v. Board of Education of Webster Groves School Dist.*, 841 S.W.2d 663, 667 (Mo. banc 1992). Specifically, sections 287.430 and 287.440 both relate to the limitation period and, thus, one must be considered when construing the other. *See id.* When both are considered, it is clear that the legislature intended to allow for tolling based only on suits that have been filed within a certain time. From the time limits in section 287.430, we know that the legislature did not intend to give claimants unlimited time when the employer has not filed a report or made payments and limited time when the employer has. If it had, then it would not have imposed the three-year limit on claims filed in the absence of a report of injury or payment. Thus, it would be absurd, unreasonable and contrary to legislative intent to place a two-year limit on suits for purposes of tolling where there has been a report or payments and no limit on suits when there has been no report or payment.

■ Rather, it seems that the legislature intended for tolling to apply to suits filed in the absence of a report or payment when those suits are filed within a certain time, but inadvertently omitted the applicable time limit when drafting section 287.440. While we avoid imparting words into a statute that are not plainly written or necessarily implied, we may supply missing words when, as written, the statute leads to absurd results. *See Wilkin-*

*son v. Brune,* 682 S.W.2d 107, 111 (Mo. App. E.D.1984); *State ex rel. May Department Stores Co.,* 395 S.W.2d 525, 527 (Mo. App.1965). Here, to hold that a time limit is not implied in section 287.440 would lead to the absurd results discussed above. Rather, some limitation is necessarily implied from what is written in sections 287.430 and 287.440. It may be the two-year limit that other suits are subject to in section 287.440.

Or, it may be that the three-year limit that applies to claims filed in the absence of a report of injury in section 287.430 also applies to suits filed in the absence of a report for purposes of tolling in section 287.440. The historical legislative interplay between sections 287.430 and 287.440 supports that result. Before 1980, section 287.430 required all claims to be filed within one year of the date of injury, the last payment, or the filing of the report, and no distinction was made for claims filed in the absence of a report. At that time, section 287.440 appeared as it does today, except that the time limit on the suits was also one year—mirroring section 287.430's limitation period. In 1980, section 287.430 was amended to extend the one-year period to two years, and the three-year limitation period was added for claims where no timely report of injury is filed. In the same bill, the time limit on suits in section 287.440 was extended from one year to two years—again mirroring the limits in section 287.430.

We need not decide whether the two-year or the three-year limit applies because in this case the suit was filed over four years after the injury and there is no basis in this legislation for implying a four-year or greater limit.[3] Based on the other time limits in sections 287.430 and 287.440, we presume that either a two-year or a three-year limit, from the date of injury, applies to suits in cases where there is no report of injury or payment. We strongly encourage the legislature to clarify section 287.440 further.

In sum, this suit filed over four years from the injury cannot toll the statute of limitations for filing a workers' compensation claim. The claim was filed over six years after the injury and is barred. The ALJ's and Commission's conclusion that the claim was timely is an error of law. GM's point I on appeal is granted. Because that point is dispositive, we need not address the other points.

## III. CONCLUSION

The award is reversed. Ming's claim is barred by the statute of limitations.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.

---

**3.** In fact, the greatest limit that could be imposed is five years—the applicable civil limitation period for ordinary negligence suits. *See* section 516.120. But, as discussed above, by imposing a two-year limit on those suits when there has been a report or payment, the legislature clearly indicated its intention to shorten the general limitation period for purposes of tolling.