The BOARD OF EDUCATION OF the CITY OF ST. LOUIS and Central Parking of St. Louis, Inc., Respondents,

v.

Gregory F.X. DALY, License Collector of the City of St. Louis, Appellant.

No. ED 85054.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 2005.

Rhonda A. O'Brien, John D. Keen (co-counsel), St. Louis, MO, for respondent.

Edward J. Hanlon, Maribeth McMahon (co-counsel), St. Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Judge.

The Board of Education of the City of St. Louis and Central Parking System of St. Louis, Inc. sued the License Collector of the City of St. Louis, seeking a declaration that the gross receipts from the operation of a parking garage owned by the Board were exempt from the City's public garage tax. The trial court granted summary judgment in favor of the Board and Central Parking, and the License Collector appeals. We reverse and remand.

## I. BACKGROUND

The Board owns a parking garage adjacent to its headquarters building in St. Louis City. The parking garage provides parking for Board employees and guests. Any excess parking spaces at the parking garage not being used by Board employees or guests can be used and paid for by users unrelated to the Board or its business ("unrelated parkers"). By contract, Central Parking performs certain management duties for the Board at the parking garage. The Board retains decision-making authority, is responsible for insuring and repairing the parking garage and is solely responsible for its budget deficits.

The License Collector imposed a license tax on the gross receipts of the Board's parking garage operations under a city ordinance that taxes corporations operating public garages in the City. See section 8.76.040 St. Louis City Revised Code (1994).[1] The Board paid the taxes under protest, and then the Board and Central Parking sought a declaration that the parking garage's gross receipts were exempt from taxation under a state statute that provides an exemption for certain professionals' activities, including teachers. See section 71.620 RSMo ("professional exemption"). The Board and Central Parking also sought return of all public garage taxes paid under protest. The parties filed cross-motions for summary judgment, arguing about whether the Board or Central Parking was the operator of the parking garage for purposes of the public garage tax and whether the professional exemption applied. The trial court granted the Board's and Central Parking's motion and entered judgment declaring that the Board was the operator of the parking garage and that the parking garage's gross receipts were thus exempt from taxation under the professional exemption. The License Collector appeals the judgment only with respect to the taxes levied against the fees collected from unrelated parkers.[2]

1. All ordinance references are to the St. Louis City Revised Code (1994). All statutory references are to RSMo 2000. All rule reference are to the Missouri Court Rules (2004).

2. The License Collector originally advised the Board and Central Parking that the value of

all parking used at the parking garage, including parking by Board employees, Board guests and unrelated parkers, would be counted towards the gross receipts. It has since conceded that only the revenue generated by the unrelated parkers is subject to the public garage tax. We do not address the License

## II.  DISCUSSION

The propriety of summary judgment is a question of law, and our review is *de novo*. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(3). The movant bears the burden of establishing a legal right to judgment. *ITT*, 854 S.W.2d at 378. The cross-motions in this case turned on the purely legal, statutory interpretation questions of whether the Board is the operator of the parking garage under the public garage tax ordinance and whether the Board is entitled to exemption from the public garage tax under the professional exemption statute.[3]

We agree with the Board that it operates the garage, but find that the professional exemption does not prevent the License Collector from taxing the Board's revenue from unrelated parkers under the public garage tax.

### A.  Parking Garage Operator

■ The public garage tax ordinance states that "[e]very ... corporation engaging in the business of operating a public garage ... shall pay to the City, as a license tax, a sum equal to five percent of the gross receipts from the business." Section 8.76.040 SLCRC. The city ordinances do not define "operating," but the Missouri Supreme Court has defined "operator" under a similar license tax ordinance. In *Edmonds v. City of St. Louis*, the plaintiffs sought to enjoin the City from levying a tax on vending machines they leased. 348 Mo. 1063, 156 S.W.2d 619, 621 (1941). The plaintiffs argued that, as lessees, they were not "operators" of vending machines for the purposes of the ordinance; rather, the owners of the machines were liable for payment of the tax. *Id.* at 621–22. The Court disagreed, stating that "[t]he operator is the person, firm or corporation who exercises the privilege of managing or conducting the machine." *Id.* at 622. The Court reasoned that the vending machine lessees "obtained the machines by lease or bailment and conduct their cigarette business exclusively therethrough. That makes them the actual operators and answerable for a violation of the ordinance." *Id.*

In this case, Central Parking manages the parking garage, but only in an administrative sense; the Board is the actual operator of the garage. The Board sets the amount charged to the parking garage's users, determines its hours of operation and designates parking priorities. The Board is also responsible for making repairs to the parking garage, carrying proper insurance and ensuring that the parking garage complies with governmental regulations. Despite its title as "operator" in the contract, Central Parking's duties at the parking garage are merely administrative. Central Parking is responsible for collecting payments from unrelated parkers, checking the passes of Board employees and checking guest parking validation stickers. These passes and validation stickers are purchased from or provided by the Board. Central Parking also accounts for the monthly gross receipts from the use of the parking garage and pays the parking garage's operating

Collector's ability to tax the Board on receipts from Board employees and guests, as no such argument was raised on appeal.

**3.** The Board and Central Parking claim on appeal that the standard of review here is governed by *Murphy v. Carron* because the case was submitted on disputed facts. But the record clearly shows that there was no genuine dispute of material fact and that the only issue before the trial court on the parties' summary judgment motions was a question of law.

expenses. After withholding its own fee, Central Parking gives the balance of the gross receipts to the Board. If the gross receipts are not sufficient to pay the operating expenses and Central Parking's fee, the Board is responsible for covering the loss. Central Parking bears no financial risk.

## B. Exemptions

■ Because the Board is the operator, the Board and Central Parking argue that even the revenue from unrelated parkers is used in furtherance of the Board's mission to provide public education and, therefore, is exempt from taxation under the professional exemption. We disagree.

■ A tax exemption is to be construed strictly, but reasonably, against the taxpayer claiming exemption under it. *Murphy Company Mechanical Contractors & Engineers v. Director of Revenue*, 156 S.W.3d 339, 340 (Mo. banc 2005). "The primary focus of statutory construction is to ascertain the intent of the legislature and give effect to that intent considering the words used in their plain and ordinary meaning." *Ming v. General Motors Corp.*, 130 S.W.3d 665, 668 (Mo.App. E.D.2004). The professional exemption states that "no person following for a livelihood the profession or calling of . . . teacher [or other enumerated professions] shall be taxed or made liable to pay any municipal or other corporation tax or license fee of any description whatever for the privilege of following or carrying on such profession or calling. . . ." Section 71.620 RSMo. "Teachers" includes educational institutions for purposes of the statute. *David Ranken, Jr., Technical Institute v. Boykins*, 816 S.W.2d 189, 190–93 (Mo. banc 1991), *overruled on other grounds by Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907 (Mo. banc 1997).

There is one case that has discussed the application the professional exemption to a city tax ordinance. In *Lawyers' Association of St. Louis v. City of St. Louis*, the City attempted to impose a general revenue tax on all personal income earned by City residents and by non-residents for work performed in the City. 294 S.W.2d 676 (Mo.App.1956). Attorneys are one of the enumerated professions covered by the professional exemption, and the attorneys' association argued that, therefore, attorneys should be exempt from paying the earnings tax. *Id.* at 678–79. The Court disagreed, finding that the earnings tax was not a tax on an attorney's license to practice law, but was a "revenue measure devoid of any element of licensing or regulation of privilege of engaging in any business or profession." *Id.* at 682.

In this case, the taxes levied under the public garage tax against revenue from unrelated parkers are totally distinct from taxes levied "for the privilege of following or carrying on" the teaching profession. The public garage tax is not a tax "imposed for the privilege of the taxpayer to engage in or practice the particular business or profession," but is a license tax on the operation of a public garage. *See id.* Contrary to the Board's argument, the professional exemption does not apply to a non-teaching business venture merely because an educational institution owns or operates the business. Construing the statute to cover unrelated business simply because the revenue funds the profession would lead to an unreasonable and absurd result, which we are to avoid. *See Ming*, 130 S.W.3d at 668–69. Moreover, that cannot be the result the legislature intended. *See id.* The plain meaning of the language in the statute shows that the legislature intended only to preclude taxation on the privilege of following or carrying on the enumerated professions. *See McNally v. St. Louis County Police Department*, 17 S.W.3d 614, 616 (Mo.App. E.D.2000) ("When a statute enumerates the subjects or things on which it operates,

it is generally to be construed as excluding from its effect all those not expressly mentioned."). The exemption does not apply to a tax on the operation of this parking garage, at least with respect to unrelated parkers.[4]

### III. CONCLUSION

The judgment is reversed to the extent it allows the Board to claim exemption from the public garage tax for gross receipts from unrelated parkers. The case is remanded for further proceedings not inconsistent with this opinion.

CLIFFORD H. AHRENS, P.J., and NANNETTE A. BAKER, J., concurring.

4. The Board and Central Parking also cite to section 8.76.080 SLCRC "by analogy," but wholly fail to convincingly analogize that exemption for a non-profit hospital's garage used primarily for hospital employees, patients and guests to the application of the professional exemption in this case. Likewise, the Board's claim of exemption from property taxation as a political subdivision of the state under Missouri Constitution article X, section 6 is without merit, as the public garage tax is not a property tax on the garage itself.